NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 21, 2014[*]
Decided May 21, 2014

**Before**

RICHARD A. POSNER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

No. 13-3604

| | |
|---|---|
| NATANAEL RIVERA, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Western District of Wisconsin. |
| | |
| *v.* | No. 12-cv-240-bbc |
| | |
| MICHAEL SCHULTZ, et al., | Barbara B. Crabb, |
| *Defendants-Appellees.* | *Judge.* |

**O R D E R**

Natanael Rivera, a Wisconsin prisoner, sued under 42 U.S.C. § 1983 claiming that four guards at the Green Bay Correctional Institution violated his Eighth Amendment rights when they conducted a pat-down search during which his pants fell to the ground. The suit proceeded to trial, but the district court concluded that the jury could not reasonably find from Rivera's evidence that the defendants had committed a

---

[*]After examining the parties' briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

constitutional violation and granted them judgment as a matter of law. Rivera, who represented himself throughout the case, challenges that decision as well as the denials of his motions to recruit counsel and to compel discovery. We affirm the judgment.

Before trial Rivera had asked the district court six times to recruit counsel. He made the first two requests before the defendants had answered his complaint and asserted that counsel was needed because his claim was legally complex, he had limited access to a law library, and he suffers from mental impairments, including schizoaffective disorder and mild mental retardation, that would prevent self-representation. The court responded that it was too early to evaluate whether Rivera's impairments would impede his efforts. In Rivera's next four motions, he repeated the reasons given previously but added that he no longer was receiving help from a jailhouse lawyer and opined that his pro se status already had hampered his discovery efforts. This time the judge explained that Rivera had been "cogent, articulate, and well-prepared" when interacting with the court. And given the "straightforward nature" of Rivera's claim, the court reasoned, his most important task would be to recount the details of the pat-down.

Rivera also moved twice before trial to compel discovery, including a security-camera video of the pat-down. The first time the district court explained that the defendants had complied adequately with Rivera's requests and noted that the pat-down had not been recorded. The court rejected Rivera's second motion as untimely but noted also that some of the documents he wanted were irrelevant and others had been addressed with his first motion.

At trial Rivera never disputed that a pat-down was authorized as he was leaving the recreation area. But he said that Samuel Menning, the guard conducting the pat-down, had grabbed his pants at the knee and pulled them down, exposing his underwear. Menning then made a comment that elicited laughter from the other guards who were present, but Rivera could not recall what was said. Seconds later, Rivera continued, he told Menning to pull up his pants and the guard complied.

Menning and two other defendants, Michael Schultz and Lawrence Peterson, gave a slightly different version. Menning explained that he accidently caught his glove on Rivera's pants, which were too big and loose fitting. Menning added that within two seconds he had said, "Oops, sorry," and pulled up Rivera's pants. Menning admitted laughing during the incident but insisted he was laughing at the situation, not Rivera. Schultz then testified that he was nearby and saw Rivera's pants fall as Menning was

swiping his legs. Schultz could not recall if he or the other guards laughed, but he estimated that Rivera's pants were down only for a second or two before Menning pulled them up. Peterson, one of two guards restraining Rivera during the pat-down, corroborated his coworkers' testimony.

At the close of the evidence, the defendants moved for judgment as a matter of law. *See* FED. R. CIV. P. 50(a). The jury could not reasonably find an Eighth Amendment violation, the defendants asserted, because the pat-down had been authorized, Rivera's outer pants were down only for seconds, and even his testimony did not suggest malicious intent. The district court agreed. The judge expressed surprise that the defendants had not moved for summary judgment and explained that she had understood Rivera to allege in his complaint that the defendants stripped him naked and laughed at him for their own sexual gratification. Yet even Rivera's testimony, the judge continued, revealed only that his pants were down exposing his underwear for at most two seconds. The court concluded that Menning's actions, even if deliberate, did not constitute an Eighth Amendment violation.

On appeal Rivera first challenges the district court's refusal to recruit counsel. He contends that the court should have considered whether the lawsuit was beyond his ability to litigate because of its complexity and his mental impairments. But the district court did exactly that. As the court noted, Rivera consistently was articulate and well prepared despite his impairments. *See Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007) (en banc) (explaining that district judges should consider "pleadings, communications from, and any contact with the plaintiff" when evaluating plaintiff's competence to litigate without counsel). Rivera had managed to prepare motions and interrogatories, and had participated by telephone in a pretrial conference. Moreover, the court noted, Rivera's claim was simple, not complex, and not beyond his ability to litigate pro se. *See Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013); *Santiago v. Walls*, 599 F.3d 749, 762 (7th Cir. 2010); *Pruitt*, 503 F.3d at 655; *Ward v. Smith*, 721 F.3d 940, 943 (8th Cir. 2013). We see no abuse of discretion.

Rivera also contends that the district court should have ordered the defendants to produce a video of the pat-down. But the court accepted the defendants' representation that the incident had not been recorded. Rivera cannot argue that the court should have compelled production of evidence that does not exist. *See James v. Hyatt Regency Chi.*, 707 F.3d 775, 784 (7th Cir. 2013); *Packman v. Chicago Tribune Co.*, 267 F.3d 628, 646–47 (7th Cir. 2001).

Rivera finally argues that the district court should have allowed the jury to decide his case. We disagree. Even when we draw all reasonable inferences in Rivera's favor, *see Harper v. Albert*, 400 F.3d 1052, 1061 (7th Cir. 2005), we cannot conclude that he presented sufficient evidence for the jury to find in his favor, *see Estate of Escobedo v. Martin*, 702 F.3d 388, 403 (7th Cir. 2012); *Velez v. City of New York*, 730 F.3d 128, 134 (2d Cir. 2013); *Burley v. Gagacki*, 729 F.3d 610, 621 (6th Cir. 2013).

The testimony reflects that the incident was brief and occurred during the course of a properly authorized pat-down. No jury reasonably could find on this evidence that Menning conducted the pat-down in a harassing manner designed to humiliate Rivera and cause him psychological pain. *See Mays v. Springborn*, 575 F.3d 643, 649 (7th Cir. 2009). Menning's actions fell short of other pat-down conduct that we have found could constitute an Eighth Amendment violation. *Compare Washington v. Hively*, 695 F.3d 641, 642, 644 (7th Cir. 2012) (reversing grant of summary judgment for guard on inmate's Eighth Amendment claim that guard gratuitously fondled his genitals for five to seven seconds during pat-down and for two or three seconds during strip search), *with Watison v. Carter*, 668 F.3d 1108, 1113–14 (9th Cir. 2012) (upholding dismissal, under FED. R. CIV. P. 12(b)(6), of inmate's claim that guard had violated Eighth Amendment by smiling in "sexual" manner while deliberately brushing his thigh against naked thigh of plaintiff sitting on toilet), *and Berryhill v. Schriro*, 137 F.3d 1073, 1076 (8th Cir. 1998) (upholding dismissal at summary judgment of inmate's claim that defendants had groped his buttocks to cause humiliation, since, even viewed in light most favorable to inmate, evidence showed only that defendants had engaged in brief though inappropriate "horse play"). We do not condone Menning's conduct if it was intentional, but we agree with the district court that the jury could not reasonably have found from the trial evidence that Rivera suffered an Eighth Amendment deprivation.

**AFFIRMED**.