In the

# United States Court of Appeals

### For the Seventh Circuit

_____

No. 14-1458

NATANAEL RIVERA,

*Plaintiff-Appellant,*

*v.*

MICHAEL DRAKE,

*Defendant-Appellee.*

_____

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 09-C-1182 — **William C. Griesbach**, *Chief Judge.*

_____

SUBMITTED AUGUST 28, 2014 — DECIDED SEPTEMBER 3, 2014

_____

Before WOOD, *Chief Judge*, and EASTERBROOK and RIPPLE, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* Contending that a guard at his prison had sexually assaulted him during a pat-down by inserting a finger in his anus, Natanael Rivera filed this suit under 42 U.S.C. §1983 seeking damages. Michael Drake, the guard, asked the court to dismiss the suit because Rivera had failed to exhaust administrative remedies, as 42 U.S.C. §1997e(a) requires. Rivera responded with an affidavit as-

serting that he had filed an administrative complaint on December 16, 2008, the day after the alleged assault. Without deciding whether exhaustion had occurred, a question on which the judge thought that a dispute of fact made a hearing essential, the judge granted summary judgment to the guard, deeming the events too trivial to justify damages. We reversed, holding that Rivera's claim of sexual assault could not be dismissed as de minimis. *Rivera v. Drake*, 497 F. App'x 635 (7th Cir. 2012).

On remand, and now before a different judge, Drake again contended that Rivera had failed to exhaust his intra-prison remedies. The judge held a hearing, see *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), at which Rivera testified that he had filed a written grievance on December 16, 2008. The judge concluded, by clear and convincing evidence, that both the affidavit and the testimony were false. *Rivera v. Drake*, 2013 U.S. Dist. LEXIS 76825 (E.D. Wis. May 31, 2013). The prison's records contained more than 100 of Rivera's grievances, but none relating to assault during a pat-down other than one filed in August 2009—and Rivera conceded in that grievance (which did not mention Drake) that it was untimely and had been filed only "for exhaustion purposes". Officials at Rivera's prison testified about how grievances are collected and recorded; the judge concluded that there is very little chance that a written grievance would be lost. Moreover, the judge observed that Rivera's initial allegation had been that he made an oral complaint and did not file a written grievance; the judge concluded that Rivera's first story was true and his second one a lie designed to avoid dismissal once he recognized the problem.

Later the court concluded that, by not protesting when the first judge directed the parties to file briefs on the merits, Drake had waived his affirmative defense of failure to exhaust. But still later the court concluded that by committing perjury Rivera had forfeited his claim; it dismissed the suit as a sanction for misconduct. Rivera attempted as part of that proceeding to have the judge reconsider his decision of May 31, 2013. The judge did revisit the issue—and he concluded that Rivera was still lying in continuing to maintain that he had filed a written grievance in December 2008. Rivera appeals again—his third appeal in this case. (His second, from the order scheduling a hearing under *Pavey*, was dismissed because it was not a final decision.)

A litigant's misconduct can justify default judgment, see *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639 (1976), and perjury is among the worst kinds of misconduct. Rivera's lies put the judicial system through more than three years of unnecessary work, including an unnecessary appeal; it caused the defense unnecessary expense and delay; it undermined the function of §1997e(a) in promoting alternative dispute resolution. These considerations show that the district court did not abuse its discretion. See also *Hoskins v. Dart*, 633 F.3d 541, 544 (7th Cir. 2011) (affirming the dismissal of a suit in which the plaintiff lied about his litigation history and applicability of the prepayment requirement in 28 U.S.C. §1915(g)); *Ridge Chrysler Jeep, LLC v. DaimlerChrysler Financial Services Americas LLC*, 516 F.3d 623, 626–27 (7th Cir. 2008) (affirming dismissal against plaintiff who lied to obtain interlocutory relief); *Greviskes v. Universities Research Association, Inc.*, 417 F.3d 752, 759 (7th Cir. 2005) (affirming dismissal where plaintiff engaged in fraudulent misconduct that delayed lawsuit); *Thomas v. Gen-*

*eral Motors Acceptance Corp.*, 288 F.3d 305, 308 (7th Cir. 2002) (concluding that the district court did not abuse its discretion by dismissing case as sanction for lying on application to proceed *in forma pauperis*).

We require district judges to consider other sanctions before resorting to dismissal. The district judge did that and thought other options inadequate. Rivera is litigating *in forma pauperis*, so financial sanctions under Fed. R. Civ. P. 56(h) could not work. See *Williams v. Adams*, 660 F.3d 263, 266 (7th Cir. 2011). Excluding evidence, one of the sanctions mentioned in Fed. R. Civ. P. 37(b), also does not seem a good prospect; the only evidence Rivera has on the merits is his own say-so, and to exclude that would be to decide the case as surely as an immediate dismissal. (Rule 37 addresses problems in discovery, but its list of potential sanctions is worth consulting for other purposes as well.)

This conclusion means that we need not consider whether the district judge was right to believe that, in order to preserve a defense of failure to exhaust administrative remedies, a litigant must protest a judge's decision to bypass exhaustion and consider the merits. For current purposes, it is enough to say that Rivera's perjury imposed such substantial costs on the judiciary and the defense that dismissal is an appropriate response whether or not Drake should have invoked the exhaustion defense even more frequently than he did.

Although we have said enough to explain why the district court's judgment must be affirmed, we do not think that the dismissal of a doomed suit (having failed to exhaust his intra-prison remedies during the time Wisconsin allowed, Rivera was bound to lose) is a sufficient response to perjury.

The judicial system cannot function if the only consequence of lying is the loss of a suit that would have had no chance from the outset, had the truth been told. That's effectively no sanction at all. If perjury pays benefits when it escapes detection, but has no cost when detected, there will be far too much perjury and the accuracy of judicial decisions will be degraded.

We therefore will send copies of this opinion and the case file to the United States Attorney for the Eastern District of Wisconsin, who may wish to consider prosecuting Rivera for the crime of perjury. 18 U.S.C. §1621.

We also will issue an order requiring Rivera to show cause why we should not revoke his privilege of litigating *in forma pauperis* in the courts of this circuit and impose financial sanctions that, if unpaid, will lead to the entry of a litigation-control order under *Support Systems International, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995).

We take these steps in part because Rivera has made deceit the norm in his litigation. He is a frequent plaintiff, and many of his suits entail dissembling. Four of his suits (including this one) have reached this court during the last few months, and all four involve falsity on Rivera's part.

In *Rivera v. Schultz*, 556 F. App'x 500 (7th Cir. 2014), Rivera's complaint alleged that guards had stripped him naked, without provocation, and laughed at him for their own sexual gratification. The district court held a trial, at which Rivera admitted that his pants were down for just a few seconds and that only his underwear was visible. The district judge then granted judgment to the defendants as a matter of law and stated that she would have granted summary

judgment, avoiding the need for a trial, had Rivera told the truth earlier in the proceedings. We affirmed because the testimony, contrary to the allegations of Rivera's complaint, revealed only a brief and non-humiliating episode.

In *Rivera v. Jimenez*, 556 F. App'x 505 (7th Cir. 2014), Rivera asserted that a guard had stripped him naked without provocation and paraded him in front of other inmates; Rivera also asserted that the guard repeatedly kneed him in the back for no reason. The prison had a video of the events; it showed that Rivera had been obstreperous and had to be subdued by pepper spray, after which his clothes were removed so that the spray's residue could be washed away in the shower. A guard used a knee only to help bring Rivera under control. The district court granted summary judgment, ruling that incontrovertible evidence showed the falsity of Rivera's contentions, and we affirmed.

In *Rivera v. Lindmeier*, 560 F. App'x 619 (7th Cir. 2014), Rivera maintained that a guard violated the Constitution by placing him in painful six-point restraints for 11 hours, without any reason. Once again the prison produced a video recording that refuted this contention. The video showed that Rivera had been shouting and banging on the window of his cell, refusing to stop despite repeated instructions by the guards. He also refused to put his hands through the door so that he could be handcuffed. Guards eventually subdued him with pepper spray and placed him under restraint in an isolation cell. When he complained that the restraints were too tight, they were loosened. A nurse monitored his condition to ensure that the restraints did not cause harm. The district judge granted summary judgment, ruling

that incontrovertible evidence showed the falsity of Rivera's contentions, and we affirmed.

Many litigants with serious claims are awaiting judicial attention. Litigants such as Rivera who make false charges, perhaps just for the pleasure of vexing the defendants, are abusing the judicial process and injuring other litigants as well as the judicial system. This is intolerable and must cease.

The judgment is affirmed. This opinion and a copy of the record will be sent to the United States Attorney. Rivera has 14 days to show cause why we should not fine him, see Fed. R. App. P. 38, and revoke his privilege of litigating *in forma pauperis*.