In the

# United States Court of Appeals

## For the Seventh Circuit

No. 14-1165

ROBERT D. NEAL,

*Petitioner-Appellant,*

*v.*

LEANN LARIVA,

*Respondent-Appellee.*

Appeal from the United States District Court for the
Southern District of Indiana, Terre Haute Division.
No. 2:13-cv-251-JMS-WGH — **Jane Magnus-Stinson**, *Judge.*

SUBMITTED AUGUST 28, 2014[*] — DECIDED SEPTEMBER 3, 2014

Before WOOD, *Chief Judge,* and EASTERBROOK and RIPPLE,
*Circuit Judges.*

WOOD, *Chief Judge.* Robert Neal seems unable to resist
dishonesty. After he was caught on the brink of establishing
a fraudulent worker's compensation insurance program,

---

[*] After examining the briefs and the record, we have concluded that oral
argument is unnecessary. The appeal thus is submitted on the briefs and
the record. See FED. R. APP. P. 34(a)(2)(C).

under which he hoped to bilk his clients out of more than $11 million, he was convicted on federal charges of wire fraud, 18 U.S.C. § 1343, and sentenced to 327 months' imprisonment. See *United States v. Neal*, 294 F. App'x 96 (5th Cir. 2008). He is currently serving that sentence at the Federal Correctional Institution in Terre Haute, Indiana. Neal has not been a model prisoner. The case now before us arose after prison administrators discovered that he had signed a court document with the alias "David J. Nelson." They disciplined him for violating a prison rule which forbids the "forging of any document, article of identification, money, security, or official paper" by revoking his commissary and telephone privileges for 180 days. Neal challenged this decision by seeking a writ of habeas corpus, see 28 U.S.C. § 2241, on the ground that he was sanctioned without due process.

In spite of the fact that he had initiated the court case, Neal moved three times to stay proceedings in the district court and compel arbitration. In support of those motions, he submitted a purported arbitration agreement, supposedly executed by a representative of the federal Bureau of Prisons and himself, under his assumed name, David J. Nelson. Neal asserted that both he and the Bureau of Prisons are bound by this "agreement," that it covers his claim for relief under section 2241, and that it must be enforced pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1–16. Even the most cursory look at this document, however, reveals it to be bogus. It begins with the following language: "Acknowledgement of Inclusion as a New Debtor, Uniform Commercial Code (UCC) §§ 9-102(a)(56) and 9-203(d)(1) and (2) and (e)(1)." To say the least, those provisions of the UCC have nothing to do with activities in the federal prisons. The rest of the "agreement" is similar gibberish. The district court chose not to dwell on

the details of this motion; it simply observed that Neal's motion to stay had no valid basis and denied it.

On the merits of the section 2241 petition, the district court noted that the only penalties Neal suffered from his violation of the rule concerning forgery were the loss of commissary and telephone privileges we mentioned earlier. Neither of those sanctions affected Neal's custody, as the court correctly held, and so relief under section 2241 is unavailable. See, *e.g.*, *Maleng v. Cook*, 490 U.S. 488, 490 (1989). Neal appeals, but he does not address the merits of the district court's order denying his petition; instead, he reasserts his entitlement to arbitration.

As the district court correctly concluded, there is no plausible basis in the record to support Neal's assertion that the Bureau of Prisons is bound to arbitrate his petition. The Bureau denies the existence of any arbitration agreement with Neal, and the documents Neal submitted are obvious fabrications. Moreover, the Federal Arbitration Act governs only maritime contracts and contracts involving interstate commerce. See 9 U.S.C. § 1–2; *Southland Corp. v. Keating*, 465 U.S. 1, 10–11 (1984); *Gore v. Alltell Commc'ns, LLC*, 666 F.3d 1027, 1032 (7th Cir. 2012). The documents on which Neal relies (setting aside their fraudulent nature) involve neither kind of contract. Because there was no arbitrable claim, the district court did not abuse its discretion in denying the motion to stay and refusing to compel arbitration. See *French v. Wachovia Bank*, 574 F.3d 830, 834–36 (7th Cir. 2009).

Ordinarily, that would be enough for us to resolve this appeal. But, as we point out in *Rivera v. Drake*, No. 14-1458 (7th Cir. Sept. 3, 2014), the judicial system cannot tolerate deception from litigants. Neal has persisted in his false asser-

tion that an arbitration agreement exists between himself and the Bureau of Prisons throughout this case, up to and including a motion for judicial notice that he filed in this court on August 25, 2014, in which he re-submitted his phony arbitration agreement with the following statement:

> [He] brings forward an uncontested document which was identically filed in six (6) seperate [*sic*] but related proceedings before the United States District Court for the Southern District of Indiana ("USDC/SDIN") as follows:
>
> 2:12-cv-0193-JMS-WGH – Document nos. 32 & 33
>
> 2:12-cv-0194-JMS-WGH – Document nos. 37 & 38
>
> 1:12-cv-0936-WTL-DML – Document nos. 29 & 30
>
> 2:12-cv-0187-WTL-MJD – Document nos. 29 & 30
>
> 2:12-cv-0198-WTL-MJD – Document nos. 31 & 32
>
> 2:12-cv-0317-JMS-DML – Document nos. 20 & 21

To that list, we can add case numbers 2:12-cv-344-LJM-WGH and 2:13-cv-175-WTL-WGH, both of which also reflect Neal's effort to rely on his "arbitration agreement." In short, by his own admission, Neal has over and over again flouted his duty to be honest with the court.

We note as well that Neal's course of conduct before this court has earned him a sanction for his repeated filing of frivolous appeals and documents. See *Neal v. United States*, No. 13-2486 (7th Cir. Oct. 29, 2013), and *Neal v. Oliver*, No. 13-2598 (7th Cir. Oct. 29, 2013). In those two cases, which were consolidated for purposes of the sanctions ruling, Neal was fined $500 and ordered to pay within 14 days of the order. Until he pays both the sanction and the filing fees owed

for those appeals, the clerks of all federal courts in this circuit have been directed to return unfiled any papers he submits either directly or indirectly. See *Support Sys. Int'l, Inc. v. Mack,* 45 F.3d 185, 186 (7th Cir. 1995). There is an exception to the filing bar for criminal cases and for applications for habeas corpus; we assume that Neal tried to slip under the latter exception here.

Neal obviously did not get the message we intended to send through the *Mack* order. This suggests that a monetary fine alone for his perjury is not likely to deter him from future abuse, although perhaps such a fine might send some incremental message. We therefore have decided to take three steps, for the purpose of deterring Neal from future abuse of the habeas corpus process, punishing him for his actions, and protecting the integrity of the court.

First, we are imposing an additional fine of $500 on Neal. Until he pays all outstanding fees and sanctions, clerks of all federal courts within this circuit must return unfiled any papers he submits in any habeas corpus action unless the petition attacks a state-court criminal judgment. See *Montgomery v. Davis*, 362 F.3d 956, 957–58 (7th Cir. 2004). As in *Montgomery*, the filing bar imposed by this order applies to any postjudgment motions Neal might try to file in any existing case. After two years, Neal may seek modification or rescission of this order.

Second, we order Neal to show cause within 14 days of this opinion why we should not sanction him under Federal Rule of Appellate Procedure 38 for filing a frivolous appeal.

Third, we order the Clerk of this court to send copies of this opinion and the case file to the United States Attorney

for the Southern District of Indiana, so that he may consider the question whether Neal should be prosecuted for the crime of perjury, 18 U.S.C. § 1621, or any other offense that he deems appropriate.

The judgment of the district court is AFFIRMED.