**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued September 23, 2014
Decided January 8, 2015

**Before**

RICHARD A. POSNER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 12-2080

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| FUNDS IN THE AMOUNT OF $495,744, *Defendant in Rem,* | No. 11 CV 7176 Sharon Johnson Coleman, *Judge.* |
| ABDEL RAHMEN ALSHARFA, *Claimant-Appellant.* | |

**O R D E R**

Law enforcement officials seized $495,744 from a rented car Abdel Alsharfa was driving. Maintaining that the cash was derived from proceeds of illegal activity, the government instituted civil forfeiture proceedings, and Alsharfa filed a claim to the money. After the government served interrogatories and other discovery requests upon

him, he asserted the Fifth Amendment and filed a motion to stay the proceedings. We affirm the district court's denial of his stay request because there is no indication that Alsharfa was the subject of a related criminal investigation or case at the time he requested the stay of the civil forfeiture proceedings.

## I. BACKGROUND

Abdel Alsharfa was driving through Illinois on September 1, 2011 when he was pulled over by an Illinois State Trooper. While the trooper spoke with Alsharfa and his passenger Tristan Thomas-Elcock, the trooper smelled the strong scent of air freshener and saw multiple cell phones in the car's center console. Alsharfa told the trooper that the car had been rented and handed him the rental agreement. After receiving identification from both Alsharfa and Thomas-Elcock, the trooper requested that Alsharfa join him in his patrol vehicle. There the trooper saw that Alsharfa's eyes were bloodshot and glassy. The trooper reviewed the car rental agreement and noted that it was a short-term, one-way rental from Boston to Las Vegas at a cost of $966.69. In response to additional questions, Alsharfa said that he and Thomas-Elcock had not arranged for a place to stay in Las Vegas, that he was a student, and that Thomas-Elcock was a welder who did not currently have a job.

Suspecting that the two were engaged in unlawful activity, the trooper asked Alsharfa whether there were any weapons or illegal drugs in the car. Alsharfa said "no." When the trooper asked Alsharfa for consent to search the vehicle, Alsharfa responded, "I don't know about that." The trooper then left his patrol vehicle and spoke with Thomas-Elcock, in whose name the vehicle had been rented. Thomas-Elcock declined to give consent to search the car. The trooper asked Alsharfa if he was willing to wait for a police canine to conduct an exterior sniff of the car, and Alsharfa responded, "No problem." The dog arrived and positively alerted for narcotics, so law enforcement officials searched the car. They found a total of $495,744 in cash inside a storage compartment in the front passenger side of the car and in suitcases in the trunk. That cash was seized for forfeiture, and Alsharfa and Thomas-Elcock were arrested.

Despite their arrest, Alsharfa and Thomas-Elcock were released the same day without charges, though law enforcement officials did not give them the seized cash upon release. A Grundy County, Illinois Sheriff's Office Incident/Investigation Report prepared about the stop states that both were released after arrest and that the case was "closed/cleared" that same day and that five days later, the case was "referred to other

agency." No charges have ever been filed against Alsharfa and Thomas-Elcock in connection with the events of September 1, 2011.

On October 11, 2011, the United States filed a complaint of forfeiture *in rem* alleging that the $495,744 in funds are forfeitable to the United States as monies used or intended to be used in exchange for a drug transaction, in violation of 21 U.S.C. §§ 841, *et seq.*, and as property which constituted or was derived from proceeds traceable to specified unlawful activity, as defined in 18 U.S.C. § 1956(c)(7). The district court issued a warrant of arrest *in rem* against the funds.

Alsharfa filed a claim to the funds. He asserted as the basis of the claim: "My interest in the property is possessory and a bailee." In his answer to the United States's complaint of forfeiture *in rem*, Alsharfa made various admissions, including that he was driving the car on September 1, that he gave the trooper the car rental agreement for a one-way rental from Boston to Las Vegas for three days at a cost of $966.69, that he provided the rental agreement to the trooper, that he did not consent to a search of the car, and that all the contents within the car were his. The government then sought discovery from Alsharfa. It served him with special interrogatories under Federal Rule of Civil Procedure Supplemental Rule G(6) to obtain information about his relationship to the money, including the identity of the bailor, the nature of his relationship with the bailor, the terms of the bailment, and his knowledge about the source of the cash. The government also sought discovery through general interrogatories, requests for production, and a request for admission. Alsharfa's responses included that he was "in a bailment relationship" with Thomas-Elcock, that the nature of their relationship is "personal friendship and business associate," and that he had no knowledge of the source of the $495,744 in cash.

On February 1, 2012, Alsharfa asserted the Fifth Amendment to most of the government's outstanding discovery requests and also asked for a stay of proceedings pursuant to 18 U.S.C. § 981(g)(2). In particular, Alsharfa asked for a stay of the civil forfeiture proceedings until the United States advised the court and Alsharfa "that any state/federal investigation is concluded or that [Alsharfa] is no longer a target of same in order to fully protect [Alsharfa]'s right against self-incrimination." The government requested that the court deny the stay and asserted that Alsharfa was not the subject of a related criminal investigation or case. The district court held a hearing at which the government again asserted that there was no pending investigation into Alsharfa regarding anything related to the events of September 1, 2011. The district court denied Alsharfa's motion to stay proceedings upon concluding that he did not meet the

requirements for a stay under 18 U.S.C. § 981(g)(2), finding in particular that he lacked standing and that he was not the subject of a related criminal investigation or case within the meaning of the statute. Alsharfa appeals.

## II. ANALYSIS

Alsharfa appeals the denial of his request for a stay of the civil forfeiture proceedings. We generally review decisions regarding stays for an abuse of discretion. *See Neal v. LaRiva*, 765 F.3d 788, 790 (7th Cir. 2014); *Tyrer v. City of South Beloit*, 516 F.3d 659, 666 (7th Cir. 2008).

The government maintains the stay denial should stand, arguing first that we lack jurisdiction over this appeal. The district court's order denying Alsharfa's requested stay is not a final order, and the government contends the order is not proper for interlocutory review. Alsharfa contends we have jurisdiction to review the denial under the collateral order doctrine or other vehicles for interlocutory review. We need not resolve this jurisdictional dispute since the district court committed no error when it denied Alsharfa's stay request.

Pursuant to 18 U.S.C. § 981(g)(2), a district court shall stay a civil forfeiture proceeding upon a claimant's motion if the court determines that:

(A) the claimant is the subject of a related criminal investigation or case;
(B) the claimant has standing to assert a claim in the civil forfeiture proceeding; and
(C) continuation of the forfeiture proceeding will burden the right of the claimant against self-incrimination in the related investigation or case.

*See also United States v. Funds in the Amount of $574,840*, 719 F.3d 648, 650 (7th Cir. 2013). As the moving party, a party seeking a stay usually has the burden of proof. *See United States v. Approximately 81,454 Cans of Baby Formula*, 560 F.3d 638, 641 (7th Cir. 2009).

The district court did not err when it concluded that Alsharfa failed to show he was the subject of a related criminal investigation or case, and, therefore that he also failed to show that continuing the civil forfeiture proceeding would burden his right against self-incrimination in a related investigation or case. As the terms are used in 18 U.S.C. § 981(g)(2), "related criminal case" and "related criminal investigation" "mean an actual

prosecution or investigation in progress at the time at which the request for the stay, or any subsequent motion to lift the stay is made." 18 U.S.C. § 981(g)(4). The statute further provides that "[i]n determining whether a criminal case or investigation is 'related' to a civil forfeiture proceeding, the court shall consider the degree of similarity between the parties, witnesses, facts, and circumstances involved in the two proceedings, without requiring an identity with respect to any one or more factors." *Id.*

There is no evidence in the record of any related criminal case or related criminal investigation. In an attempt to show otherwise, Alsharfa points to the Incident/Investigation Report concerning the September 1, 2011 traffic stop. That report does not help him, however, as it states that his case is "closed/cleared." While the notation on the report statement that the matter was "referred to other agency" on September 6, 2011 might suggest that another agency conducted a criminal investigation, all the evidence in the record is to the contrary. An IRS special agent's "Memorandum of Conversation" presented to the district court detailed the agent's conversations with a Grundy County Assistant State's Attorney, who confirmed that the Grundy County State's Attorney's Office had no open criminal investigation into Alsharfa or Thomas-Elcock, no plan to open such an investigation, and no plan to pursue the prosecution of either. The Assistant United States Attorney repeated this information to the district court at the hearing, asserting:

> … there are no criminal charges. There is no criminal investigation pending in this office …. The IRS-CI does not have a pending criminal investigation. There is no criminal investigation pending in this office.… We've checked with the Grundy County State's Attorney's office, and they've said there's no criminal case. The Illinois State Police have turned the entire case over to IRS agents who are pursuing forfeiture.… Yes, we believe the money is connected to criminal activity, but there simply is no criminal investigation pending.

Alsharfa did not give the district court any sound reason to conclude otherwise. The only investigation or proceedings after September 6, 2011 suggested in the record concern civil forfeiture.

At oral argument before us, Alsharfa suggested for the first time that a case pending in the United States District Court for the District of Massachusetts might be a related criminal case. That case, *United States v. Asarao, et al.*, No. 12 CR 10196 (D. Mass.), is a multi-defendant case where Bassam Alsharfa, Abdel Alsharfa's brother, is one of the

defendants. The criminal complaint was filed in May 2012 and the indictment in June 2012. Bassam Alsharfa is charged with money laundering from about October 2010 until December 15, 2011 in Massachusetts, Canada, and elsewhere.

There is nothing about the Massachusetts case to which Abdel Alsharfa points us, or which we have seen, that indicates he was under investigation in Massachusetts or involved in any way. His counsel stated at oral argument that the Massachusetts case began as a DEA investigation and wiretap about a month after Abdel Alsharfa was stopped on September 1, 2011. While that may be true, there is nothing to which he points in the Massachusetts case that suggests any similarity between the parties, witnesses, facts, or circumstances between that case and the circumstances surrounding the September 1, 2011 stop. Also of note is the statute's requirement that to be a "related" criminal investigation or case there must have been an "actual prosecution or investigation in progress *at the time at which the request for the stay … is made.*" 18 U.S.C. § 981(g)(4) (emphasis added). Abdel Alsharfa moved for a stay on February 1, 2012 (and filed his notice of appeal on May 1, 2012), and there is no indication that he was the subject of any criminal prosecution or investigation at the time, so any concern he has about being implicated in the future is not sufficient to obtain a stay under the statute. Finally, we note that he did not raise the issue of the Massachusetts case with the government when he became aware of it; the government learned of that case for the first time at oral argument.

### III. CONCLUSION

The judgment of the district court is AFFIRMED.