In the

# United States Court of Appeals

## For the Seventh Circuit

No. 21-1937

ANTHONY C. MARTIN,

*Plaintiff-Appellant,*

*v.*

TIMOTHY REDDEN, *et al.*,

*Defendants-Appellees.*

Appeal from the United States District Court for the
Northern District of Indiana, South Bend Division.
No. 3:18-cv-00595-JD-MGG — **Jon E. DeGuilio**, *Chief Judge.*

SUBMITTED APRIL 11, 2022[*] — DECIDED MAY 16, 2022

Before HAMILTON, SCUDDER, and KIRSCH, *Circuit Judges.*

PER CURIAM. Anthony Martin appeals the dismissal of
lawsuits he brought under 42 U.S.C. § 1983 and the imposition
of a filing bar as a sanction for submitting a falsified document

---

[*] We have agreed to decide the case without oral argument because
the briefs and record adequately present the facts and legal arguments,
and oral argument would not significantly aid the court. Fed. R. App. P.
34(a)(2)(C).

in opposition to a motion for summary judgment. We affirm. We have chosen to publish this opinion because we have not recently issued a precedential decision that considered the propriety of a district court imposing the severe dual sanctions of dismissal and a filing bar when a litigant tries to defraud the court.

Based on findings of fraudulent conduct by Martin in several cases, two district courts have barred him from filing papers in civil cases until he pays all his outstanding federal-court filing fees. A few years ago, the Southern District of Indiana imposed a filing bar against Martin because he submitted false information in an application to proceed *in forma pauperis*. We affirmed the sanction based on that conduct and his history of fraudulent filings. *Martin v. Fowler*, 804 F. App'x 414 (7th Cir. 2020).

The second filing bar, and this appeal, arise from a case based on Martin's allegation that a guard at the Indiana State Prison sexually assaulted him. He filed an expansive complaint in the Northern District of Indiana. Upon screening, the court allowed him to proceed on 18 claims against 59 defendants but severed the unwieldy litigation into seven cases, including this one.[1]

---

[1] The other six were: *Martin v. Gann, et al.*, No. 3:16-CV-737-JD (N.D. Ind. Oct. 27, 2016); *Martin v. Zimmerman, et al.*, No. 3:18-CV-593-JD-MGG (N.D. Ind. Aug. 6, 2018); *Martin v. Pete, et al.*, No. 3:18-CV-594-JD (N.D. Ind. Aug. 6, 2018); *Martin v. Corizon Health Servs.*, No. 3:18-CV-596-JD-MGG (N.D. Ind. Aug. 6, 2018); *Martin v. Nelson, et al.*, No. 3:18-CV-597-JD-MGG (N.D. Ind. Aug. 6, 2018); *Martin v. Lacorise, et al.*, No. 3:18-CV-598-JD-MGG (N.D. Ind. Aug. 6, 2018). Martin also had two other pending cases: *Martin v. Livers, et al.*, No. 3:20-CV-119-JD-MGG (N.D. Ind. Feb. 6,

After discovery, the defendants moved for summary judgment on the ground that Martin had failed to exhaust his administrative remedies before suing over the alleged assault. They submitted evidence that Martin began but did not complete the required procedures. He filed a formal grievance, which was denied and returned to him with the explanation that an investigator concluded that the assault did not happen. Martin never appealed. To appeal, Martin would have needed to check a box on the returned form signifying his disagreement with the result and to have submitted that form for further review.

In opposing summary judgment, Martin filed numerous documents, each supported by an affidavit in which he swore under penalty of perjury that his submissions were true and correct. Among those documents was a copy of an "Offender Grievance Response Report" that purported to show that he had checked the box to appeal the denial of his assault grievance and had signed and dated the form. The problem was that the document contained a Bates stamp—GRIEVANCE 000655—that was not Martin's.

The defendants moved for sanctions under Federal Rule of Civil Procedure 56(h) and the district court's inherent authority. They argued that Martin had forged the signature, date, and check mark on the grievance form to avoid summary judgment. The defendants submitted the declaration of a paralegal in the Indiana Attorney General's Office swearing that a Bates-stamped version of the grievance response form about the assault, stamped GRIEVANCE 000655, was given to

2020); *Martin v. Lewis, et al.*, No. 3:19-CV-994-JD-MGG (N.D. Ind. Nov. 1, 2019).

Martin during discovery in another case, *Martin v. Zimmerman*, No. 3:18-CV-593-JD-MGG (N.D. Ind. Aug. 6, 2018). That version had contained no signature, date, or check mark. The defendants also argued that Martin falsified other documents and forms in his summary judgment response, such as other grievances on forms that the prison did not even use.

Martin moved to remove the allegedly falsified documents from the record, seeming to try to invoke the safe-harbor provision of Federal Rule of Civil Procedure 11, which did not apply under the circumstances. He also asked the court to appoint handwriting and computer experts to prove that he had not falsified any documents. And, apparently trying to clarify the circumstances of his past litigation misconduct, he asked the court to take judicial notice of the reasons for his filing bar in the Southern District of Indiana. Finally, Martin moved for sanctions against the defendants—saying they had tampered with the grievance forms to keep him out of court—and requested a hearing.

The district court resolved the motions in a single order. First, it declined to remove the altered documents from the record, explaining that Martin was not entitled to "one free opportunity to defraud the court." It then denied the request to appoint experts because Martin sought to develop evidence, not interpret it. The court also found that the evidence of fraud was clear and did not require expert review. The court took judicial notice of Martin's prior litigation misconduct and denied his request to sanction the defendants because he had not shown they had engaged in any sanctionable conduct.

Next, the court found preliminarily that Martin had tried to defraud the court by submitting falsified documents to

avoid summary judgment. It ordered Martin to show cause why it should not dismiss the suit with prejudice and impose a filing bar. The court took Martin's request for a hearing under advisement and told him to identify what evidence he would present at a hearing. The court also advised Martin of his right to avoid self-incrimination, given that false statements might constitute perjury.

In response, Martin asserted that he could not have altered the Bates-stamped grievance form because he lacked access to a computer and the defendants had confiscated his legal documents. He insisted that the defendants had forged his signature on the grievance form. As for the outdated grievance forms, which the defendants said were evidence of fraud, Martin asked the court to take judicial notice that the forms were still in circulation at his prison, and he proposed calling witnesses to testify to that.

After reviewing the many submissions on sanctions, the district court found that Martin had knowingly submitted an altered grievance form to defeat summary judgment. The court determined that a hearing was unnecessary to resolve any issue related to the Bates-stamped form because Martin lacked any evidence that disputed the paralegal's sworn statement. The court again decided that a handwriting expert was unnecessary because Martin did not offer any plausible explanation for *submitting to the court* a document that differed from the one he had received in discovery. The court chose, however, not to resolve whether Martin had submitted other fraudulent documents; it based its sanction decision solely on the falsified Bates-stamped grievance form.

The court then determined an appropriate sanction under Federal Rule of Civil Procedure 56(h) and its inherent

authority. See *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991). It described Martin's history of false statements and the sanctions that other courts had already imposed on him, which escalated from the dismissal of one case to the two-year filing bar we upheld in *Martin*, 804 F. App'x at 415–16. In the court's view, Martin's misconduct in this case was his most egregious yet. It warranted a severe sanction, and a financial sanction would be ineffective. The court barred him for two years "from filing any document in any civil case in this court until he pays all fines and filing fees due in any federal court," citing *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995). The filing bar does not apply to appeals or to habeas corpus petitions. But because Martin could not submit anything in the district court, the court also dismissed all of Martin's pending civil cases—the cases severed from this one, plus two more.

On appeal, Martin argues that the district court abused its discretion by imposing the two-year filing bar. See *Rivera v. Drake*, 767 F.3d 685, 686–87 (7th Cir. 2014). We review the court's factual findings for clear error and the sanction it chose for an abuse of discretion. *Greyer v. Illinois Dep't of Corrections*, 933 F.3d 871, 877 (7th Cir. 2019).

Martin does not develop an argument about the court's factual finding, and the record amply supports the finding that Martin knowingly submitted a fraudulent grievance form. When given a chance, Martin did not offer contradictory evidence or a plausible explanation for the two versions of the same grievance form. He argued that he could not have altered the document because he did not have computer access. The problem is that the alterations all appear to be handwritten, and whether he personally made the alterations does

not affect whether he knowingly *submitted* a doctored form as evidence to try to defeat summary judgment.

With the basis for the sanction established, the district court did not abuse its discretion in its choice of severe sanctions, including dismissing the case with prejudice. "[P]erjury is among the worst kinds of misconduct." *Rivera*, 767 F.3d at 686. No one needs to be warned not to lie to the court, *Sanders v. Melvin*, 25 F.4th 475, 481 (7th Cir. 2022), and courts have sanctioned Martin repeatedly for making false statements. Such actions to corrupt the litigation process waste judicial resources and the time and money of honest parties. See *Secrease v. Western & Southern Life Ins. Co.*, 800 F.3d 397, 402 (7th Cir. 2015). In this case, the district court's parsing of Martin's doctored forms required substantial unnecessary work and diverted the court's attention from honest litigants. See *Rivera*, 767 F.3d at 686. Martin's continued abuse of the judicial process easily warrants even the severe sanction of dismissal with prejudice. See *Secrease*, 800 F.3d at 401. No lesser sanction would have been adequate here. See *Oliver v. Gramley*, 200 F.3d 465, 466 (7th Cir. 1999).

Nor did the court abuse its discretion by imposing a two-year filing bar, even with the consequence that other civil cases were dismissed with prejudice. Martin's conduct in this case and others cannot be tolerated. See *Mack*, 45 F.3d at 186. Simply dismissing Martin's case, given that it was doomed to fail on the exhaustion defense he was trying to evade, would have been no sanction at all. *Rivera*, 767 F.3d at 687. Martin protests the filing bar's effect on his other pending cases, not just future suits. Most of his litigation arose out of the one sprawling complaint that the court had severed for convenience, not misjoinder. The point of a *Mack* bar is a severe

sanction that denies access to the federal courts for civil remedies, even if those remedies are sought for meritorious claims. We fully recognize that the dismissals and the *Mack* bar were severe sanctions. That's why courts do not impose them lightly. They should be imposed only when less severe sanctions have not been or appear unlikely to be sufficient deterrents to continued abusive or frivolous litigation. The severe sanctions here were appropriate given Martin's egregious behavior, his history of litigation misconduct, and the fact that prior sanctions (including a separate *Mack* bar in another court) had not deterred him from lying. See *In re City of Chicago*, 500 F.3d 582, 585 (7th Cir. 2007); *Mack*, 45 F.3d at 186.

Martin's remaining arguments lack merit. The court reasonably decided not to hold a live hearing on the alleged fraud and sanctions. The court had given Martin ample notice and opportunity to respond before imposing sanctions, and he failed to identify any evidence or plausible argument that could affect the court's decision. See *Kapco Mfg. Co. v. C&O Enters., Inc.*, 886 F.2d 1485, 1495 (7th Cir. 1989). Martin maintains that he could produce witnesses to testify that the outdated grievance forms he produced as evidence were still in use. That evidence would not matter. Those forms are not related to the altered, Bates-stamped grievance response form—the sole basis for the court's decision. Martin also failed to explain what information he would be able to convey in a live hearing that he could not present in his many written arguments against sanctions (which he could have, but had not, signed under penalty of perjury). The district court reasonably concluded that a hearing would not aid its decision. *Id.*

Next, Martin challenges the denial of his motion to have the court recruit and appoint forensic experts to evaluate the

falsified forms in the hopes of proving that he had not altered them. We review for an abuse of discretion the court's denial of Martin's motion for appointment of expert witnesses under Federal Rule of Evidence 706. *Giles v. Godinez*, 914 F.3d 1040, 1053–54 (7th Cir. 2019). This court has previously found some circumstances in which a district court should consider appointing a neutral expert to help the court understand important evidence, even when the expert's opinion incidentally benefits a party. See *Rowe v. Gibson*, 798 F.3d 622, 632 (7th Cir. 2015), rehearing en banc denied by equally divided court, 2015 WL 10767326 (7th Cir. 2015). But that decision remains firmly within a district court's broad discretion, see *Giles*, 914 F.3d at 1053, and a court should ensure that the purpose of the expert's opinion is to aid the court, not the party seeking appointment. See *Ledford v. Sullivan*, 105 F.3d 354, 358–59 (7th Cir. 1997) (Rule 706 expert may be appointed to "assist the trier-of-fact to understand the evidence or decide a fact in issue."). Here, the court did not abuse its discretion by denying the motion. The evidence of Martin's fraud was plain, and the court did not abuse its discretion in deciding that it did not need an expert to understand the evidence. See *id.*[2]

Nor did the court err by refusing to take judicial notice of Martin's proposed evidence that the prison still used outdated forms. See Fed. R. Evid. 201(b). Those documents were

---

[2] When a party seeks a court-appointed expert to fill a hole in that party's case, caution is especially warranted. The court may do so in an extraordinary case, as shown in *Rowe*, 798 F.3d at 632, but the court should consider carefully whether appointing such an expert may undermine the court's neutrality. Courts should also consider how the expert will be compensated and the fairness, or lack of fairness, in ordering one party to bear the cost of compensating an expert whose opinion helps the other party build her case. See *Ledford*, 105 F.3d at 360–61.

irrelevant to the sanction decision here. Finally, the court did not err in denying Martin's motion for sanctions against the defendants. His accusations of sanctionable conduct by the defendants contradicted the court's factual finding about his own. The judgment of the district court, including the *Mack* filing bar, is AFFIRMED.