**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 20, 2022[*]
Decided July 20, 2022

**Before**

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 21-2317

| | |
|---|---|
| THEODORE BEASLEY, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Southern District of Illinois. |
| | |
| *v.* | No. 3:18-CV-1193-MAB |
| | |
| LARRY HICKS, et al., | Mark A. Beatty, |
| *Defendants-Appellees.* | *Magistrate Judge.* |

**O R D E R**

Although dismissing a lawsuit for a plaintiff's deposition misconduct is a heavy sanction, sometimes it is warranted. In this civil-rights suit against Illinois prison staff, former inmate Theodore Beasley contends that the district court abused its discretion in dismissing his case (without a prior judicial warning) for misconduct at a single

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

deposition. Yet that misconduct involved not just evasion and insults, but threats of violence against the defense lawyer. And although the record hints at mental-health issues and a need for medication, Beasley's counsel produced no documentation to corroborate Beasley's mental-health explanation and did not seek extra time to gather any. Given the sparse record, the court did not clearly err in refusing to credit that explanation. And that conclusion left the court with Beasley's willful and egregious misuse of the judicial process. In these unusual circumstances, we cannot say the court abused its discretion by rejecting sanctions short of dismissal. We therefore affirm.

Beasley's suit under 42 U.S.C. § 1983 alleged that, in violation of the Constitution, prison guards at Shawnee Correctional Center in Vienna, Illinois, encouraged other inmates to assault him and used excessive force against him when breaking up the inevitable fight; health staff, he alleged, then failed to treat his resulting injuries. As relevant here, his motions to proceed in forma pauperis and for recruitment of counsel cited his poverty and then-unspecified mental illness as reasons he needed help litigating. The district court granted both motions.

The case then proceeded to discovery. At the first of two scheduled deposition sessions, Beasley testified that he was seriously mentally ill and required psychiatric medication, but that since his transfer to Stateville Correctional Center, he had not received his prescription lithium, Buspar, and another unnamed drug. Questioning that day, though, was uneventful.

At the second session, however, Beasley was belligerent from the outset. He began by asking, "Are you slow, Attorney General? That is the dumbest question you could possibly ask me under oath." We need not belabor the details that followed, and we omit the majority of Beasley's troubling remarks. The upshot is that—over two hours, and despite his recruited lawyer's advice—Beasley escalated from racial epithets and sexualized comments ("I guarantee that you would be used and you would be a prison bitch in here"), to accusations of crime ("And I wonder what [police] would find on your cell phone … . I bet you they would find child pornography, because that's the man you are"), and, finally, to unsubtle threats of violence against defense counsel ("You are pushing my patience to an extent that no man has ever survived being in front of me"). At the same time, Beasley repeated that he had severe mental illness and was off his medication.

After this session, the defendants moved to dismiss the case as a sanction against Beasley. Beasley's counsel, in turn, received 14 days to respond in writing. *See* S.D. ILL. L.R. 7.1(g). Although the ensuing response argued that Beasley's mental health and the

prison's failure to provide medication were mitigating circumstances, counsel submitted no documentation; the argument rested on Beasley's own deposition testimony, along with unsworn statements of both Beasley and his attorneys.

Months after the misconduct, a magistrate judge (presiding by consent) held a hearing on the sanction motion. Beasley's counsel repeated that Beasley was off his medication and that this had caused him to become "angry and agitated." The judge gave Beasley a chance to speak, and Beasley apologized and explained that this would not happen again because he was back on his medication:

> I am diagnosed with multiple disorders. I have PTSD and bipolar [disorder]. Currently I am on medication right now that affects me greatly and it makes me feel semi-normal. I want you to know that during that deposition, Your Honor, I was off my medication and I did not—I couldn't focus mentally because of me being off of my medication.
>
> I would like to take this opportunity to apologize to the Court for my disrespectful behavior. I also would wish to extend my condolences to the defendants for my actions. … Moving forward during this litigation matter, I will think and continue to take my medication, which has helped me very much. I'm on medication right now[,] and it's helping me … .

The magistrate judge, invoking his inherent authority to protect the integrity of the proceedings, granted the defendants' motion and dismissed the case. In a written order, he concluded that Beasley's conduct required a sanction because Beasley willfully abused the judicial process. As for Beasley's mental-health argument, the judge rejected it because Beasley had failed to introduce credible evidence that the lack of medication caused or otherwise excused his outburst; his remarks regarding his medication at the deposition and the hearing were not credible or detailed enough without corroboration. The judge then concluded that anything less than dismissal would be ineffective to deter future misconduct by Beasley and others. Warnings were not enough, the judge reasoned, because "no one has to be warned not to conduct themselves during a court-related procedure in the manner that [Beasley] did." And a monetary sanction would not work either, given Beasley's apparent inability to pay.

On appeal, Beasley (now representing himself) contends that the magistrate judge clearly erred by misweighing his deposition testimony, the statements in his earlier self-filed motions and at the hearing, and his lawyers' oral and written statements that mental illness caused his outbursts. *See Donelson v. Hardy*, 931 F.3d 565,

569 (7th Cir. 2019) (citing clear-error standard). But the judge did not clearly err. A court sanctioning a litigant under its inherent authority to protect the judicial process must find the relevant facts, including mental state, by a preponderance of the evidence. *Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 781 (7th Cir. 2016); *see Ebmeyer v. Brock*, 11 F.4th 537, 546 (7th Cir. 2021). Here, the judge had ample evidence that Beasley intentionally abused the judicial process. The only potentially difficult question was whether Beasley's mental health mitigated that apparent intent.

And on that mental-health question, the magistrate judge did not clearly err by declining to credit Beasley's account. To be sure, Beasley testified that he was mentally ill and that the prison was not providing medication, and he and his counsel later stated that this was the actual cause of his outburst. Yet the record, despite counsel's opportunity to develop it, lacks medical evidence supporting his assertion, and the judge was not required to accept Beasley's lay opinion (or his attorneys') about the effect of his illness. *See Donelson*, 931 F.3d at 569 (district court not required to accept party's assertion that mental illness caused sanctionable behavior at deposition). There was minimal information, even in Beasley's testimony, about the symptoms of his illness and details of his medication regimen. And although the court's prior recruitment of counsel stemmed in part from concerns about mental health, the motion for counsel was unspecific. Further, Beasley has not described additional evidence he would furnish if he could redo the motion hearing. So, the judge was presented with two permissible views of the evidence, and his choice between them cannot be clear error. *See Sanders v. Melvin*, 25 F.4th 475, 483 (7th Cir. 2022).

Relatedly, Beasley contends that dismissal was too severe a sanction. With a warning and a rescheduled deposition, he says, he could have resumed his medications and better comported himself.

But the magistrate judge did not abuse his discretion in concluding otherwise. Although the sanction of dismissal is "severe," *Martin v. Redden*, 34 F.4th 564, 568 (7th Cir. 2022), it was not unreasonable to conclude that this case is extraordinary and that neither a warning nor fines would have been effective to deter similar acts by Beasley and others, *see Donelson*, 931 F.3d at 570; *Kennedy v. Huibregtse*, 831 F.3d 441, 444 (7th Cir. 2016). On these unusual facts (including threats of violence), the judge permissibly concluded that Beasley's misconduct was so egregious that no warning should have been necessary. *See Secrease v. W. & S. Life Ins. Co.*, 800 F.3d 397, 402 (7th Cir. 2015); *cf. Sanders*, 25 F.4th at 481 ("[N]o one needs to be warned not to lie to the judiciary." (quoting *Ayoubi v. Dart*, 640 F. App'x 524, 528–29 (7th Cir. 2016))). Perhaps—

had the judge credited Beasley's mental-health arguments—he could have issued a warning and rescheduled the deposition, despite costs to the public, to give Beasley a second chance. But on this record, we cannot say this was required. As for fines, the judge permissibly considered that Beasley's inability to pay would have made them ineffective. *See Donelson*, 931 F.3d at 570.

AFFIRMED