In the

# United States Court of Appeals

## For the Seventh Circuit

No. 13-1308

JAMES T. SULLIVAN, ET AL.,

*Plaintiffs-Appellees,*

*v.*

RUNNING WATERS IRRIGATION, INC.,
AND JV EQUIPMENT LEASING, LLC,

*Defendants-Appellants.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 09-CV-2329 — **Elaine E. Bucklo**, *Judge.*

ARGUED OCTOBER 1, 2013 — DECIDED JANUARY 9, 2014

Before CUDAHY, RIPPLE, and HAMILTON, *Circuit Judges.*

CUDAHY, *Circuit Judge.* This case is about two interrelated companies that challenge the application of successor liability under ERISA, pursuant to a Rule 25(c) motion that substituted the companies as judgment debtors, without an evidentiary hearing. On appeal, RWI and JV challenge (1) whether the district court properly applied the multifactor ERISA successorship test to find that an "interest" had been

transferred within the meaning of Fed. R. Civ. P. 25(c); and (2) whether the district court's resolution of the 25(c) substitution without an evidentiary hearing was proper. We now affirm.

## I.

The predecessor business entity, Alpine Irrigation Company (Alpine), was a residential irrigation business owned by Robert Zeh (Robert) from 1961 until it closed in 2009. In the years preceding its closing, Alpine was in arrears on pension fund payments to the Chicago Journeyman Plumbers Union (the Union). After a Joint Arbitration Board awarded it $56,269.97, the Union filed suit to compel the award under both the Labor Management Relations Act of 1947 (LMRA), 29 U.S.C. § 185, and the Employee Retirement Security Act of 1974 (ERISA), 29 U.S.C. §§ 1132(e)(1). In order to enforce the judgment against Alpine, the Union's trustee James Sullivan sought citations to discover Alpine's assets.

The discovery citations proved fruitful. During his deposition, Robert admitted that his son, Jeffery Zeh (Jeffery), knew more about Alpine's assets and operations than Robert. Jeffery was then deposed and revealed his sole ownership of two companies that were established contemporaneously with Alpine's closing, Running Waters Irrigation, Inc. (RWI) and JV Equipment Leasing, LLC (JV) (collectively the Appellants). RWI primarily services, but occasionally installs, lawn irrigation systems. JV's sole business is leasing to RWI six pieces of equipment, which it purchased from Alpine. The remainder of Alpine's unsold equipment remains on RWI's property.

Alpine and RWI share a number of undisputed similarities: RWI operates out of Jeffery's home, Alpine's prior business address; RWI utilizes Alpine's office and storage space; all but one of RWI's employees worked for Alpine; and finally, with very few exceptions, RWI relies on Alpine's customer list to service Alpine's past customers. Almost all of RWI's customers are former Alpine customers.

For these reasons, Sullivan moved to impose judgment against RWI and JV as successors. When the magistrate judge denied the motion for lack of a procedural mechanism through which to substitute the parties, Sullivan filed a motion under Federal Rule of Civil Procedure 25(c). In his Second Report and Recommendation (Second R&R), the magistrate judge determined that the Appellants were successors under ERISA and that Rule 25(c) provided an appropriate procedure to enable the substitution of the Appellants for Alpine. The district court adopted the Second R&R and granted Sullivan's motion to substitute. The court determined that the Appellants' objections to the Second R&R failed to successfully rebut the magistrate judge's key findings that: Jeffery exercised control over all entities; RWI hired five out of six former Alpine employees; all entities operated out of Jeffery's house; there was substantial overlap in customer lists; and, the timing of Alpine's closure and RWI's incorporation suggested its intention to take over Alpine's operations.

On appeal, the Appellants assert that the district court's factual findings fell short of satisfying ERISA's successorship test. The Appellants specifically refute that Jeffery ever had notice of Alpine's liability and reject factual findings contributing to the substantial continuity determination. The

Appellants also assert that they were denied Due Process because the Rule 25(c) motion was granted without a full evidentiary hearing.

The district court had jurisdiction pursuant to 28 U.S.C § 1331. This court has jurisdiction under 28 U.S.C. § 1291. We review the district court's adoption of the magistrate judge's findings of fact for clear error and the substitution of a transferee under Federal Rule of Civil Procedure 25(c) for abuse of discretion. However, because this discretion is only triggered upon the determination that an entity has transferred an interest within the meaning of Rule 25(c), which requires applying law to the facts, we review the district court's finding of substantial continuity *de novo*. *See Luxliner P.L. Export Co. V. RDI/Luxliner, Inc.*, 13 F.3d 69, 72 (3d Cir. 1993)("A Rule 25(c) decision is generally within the district court's discretion. To determine whether an entity is a transferee of interest so as to trigger this discretion, however, a district court's mission is one of applying law to facts.")(citations omitted).

## II.

Rule 25(c) allows the substitution of parties if an "interest" is transferred, but relies on other substantive law to define "interest." Normally, a corporation purchasing the assets of another corporation does not assume the obligations of the transferor. *Panther Pumps & Equipment Co., Inc. v. Hydrocraft Inc.*, 566 F.2d 8, 24 (7th Cir. 1977). However, there are several important exceptions. One such exception has developed in the context of ERISA actions, like this one, to recover delinquent pension fund contributions. *See Upholsterers' Int'l Union Pension Fund v. Artistic Furniture of Pontiac*, 920 F.2d 1323, 1327–29 (7th Cir. 1990).

The Appellants assert that only a substantial transfer of assets can trigger substitution under Rule 25(c), and because JV acquired only six pieces of equipment from Alpine and RWI acquired no assets directly from Alpine, no interest has been transferred. However, *Artistic Furniture* does not require a formal purchase of assets to establish successor liability in the ERISA context. *See id.*

The ERISA test specifically allows the plaintiff to proceed against the subsequent purchaser of the violator's business, even if it is a true sale, provided that two conditions are satisfied: (1) the successor had notice of the claim before the acquisition; and (2) there is substantial continuity of operation of the business before and after the sale. *See Artistic Furniture*, 920 F.2d at 1329. It was through this test that the district court determined an "interest" was transferred from Alpine to RWI and JV, justifying this Rule 25(c) substitution.

*Notice*

Notice can be proven by showing actual knowledge, as well as evidence that allows the fact finder to imply knowledge from the circumstances. *See Golden State Bottling Co. v. NLRB*, 414 U.S. 168, 173 (1973). Notice can be implied from variety of circumstances, such as common control or proximity. *See Artistic Furniture*, 920 F.2d at 1329. Plenty of such evidence exists here. The district court found that Jeffery—as the holder of a leadership position in each company, the son of Alpine's owner and the owner of the property on which all these companies were located—had enough knowledge to satisfy this notice requirement. In fact, during Richard's deposition, he indicated that Jeffery would have more information concerning the assets and status of Alpine than he would—a clear indication that Jeffery was intimately

familiar with Alpine's operations. The facts adopted by the district court provide ample circumstances from which to imply Jeffery was aware of Alpine's delinquency. The district court did not clearly err by adopting these factual findings and concluding that notice existed.

*Substantial Continuity*

Substantial continuity requires a fact-centered analysis. The facts in this case point clearly toward continuity of business. The Appellants' primary contention regarding the district court's substantial continuity finding relies on viewing the alleged successors as isolated entities. RWI contends that it never purchased any of Alpine's assets, while JV contends that its purchase of Alpine's assets was merely part of a piecemeal sale, insufficient to establish continuity. JV further rejects the continuity finding on the basis that it is a leasing company rather than an irrigation company. The purported independence of these three entities is contradicted by the facts adopted by the district court, which taken as a whole, show that RWI, JV and Alpine had similar leadership, employees, customers, office space, equipment and services.

As to RWI, the Appellants concede that it operates out of the same location as Alpine, is in the same or similar business, uses Alpine's employees and office equipment and has almost all of the same clients. Moreover, the district court found that Jeffery held a leadership position in each company. The Appellants dispute this finding, claiming that Jeffery was never an officer of Alpine. However, the court based its decision on tax returns, company credit cards in Jeffery's name and Robert's depositions concerning Jeffery's involvement. This evidence does not support a conclusion that

the court clearly erred in finding that Jeffery held leadership positions at each company.

RWI contends that it does not conduct the same business as Alpine. It argues that Alpine "serviced and installed" irrigation systems, while RWI services and consults for irrigation systems. This distinction is wholly artificial, highlighted by the fact that almost every one of RWI's customers is a former customer of Alpine and receives similar services. The district court did not err in finding that both Alpine and RWI are in the same or a substantially similar business.

JV characterizes the equipment transfer from Alpine to JV as a piecemeal sale of assets, which under *Tweed v. Thomas & Betts Power Solutions, LLC*, is insufficient to establish continuity. 711 F.3d 763, 768 (7th Cir. 2013). In a similar vein, RWI contends that it is not a successor because it acquired no assets or equipment from Alpine. Viewed in isolation, these assertions as to the unrelated nature of these entities might be persuasive. However, these are artificial distinctions, which do not mask the substantial interrelatedness of RWI, JV and Alpine. The factual basis for substantial continuity is quite clear in this case. In fact, the Appellants do not contest the district court's finding that "Jeffery Zeh structured his companies such that JV would buy Alpine's assets and lease them back to RWI in servicing Alpine's former clients."

Despite the Appellants' assertions that these entities are wholly distinct, it is clear that together JV and RWI took on every aspect of Alpine's former business. On the facts available, we find nothing which would suggest that the district court improperly concluded that there was substantial continuity between RWI, JV and Alpine.

### III.

The Appellants assert denial of Due Process because the Rule 25(c) motion was granted without a hearing. They rely on *Golden State Bottling Company, Inc. v. National Labor Relations Board*, 414 U.S. 168 (1973), and *Panther Pumps & Equipment Co., Inc. v. Hydrocraft, Inc.*, 566 F.2d 8 (7th Cir. 1977), to argue that a Rule 25(c) motion entitles a potential successor to an evidentiary hearing *per se*. But, the Appellants fail to show how such precedent applies in the absence of a request for a hearing or a showing of what such a hearing would disclose.

Initially, it is worth noting that the cases relied upon by the Appellants do not hold that an evidentiary hearing is mandatory to resolve every Rule 25(c) substitution. In neither *Golden State* nor *Panther Pumps* was there an absence of an evidentiary hearing—neither court was required to resolve such an issue. The Appellants are asking us to deny a court's discretion to require an evidentiary hearing and instead make such a hearing mandatory. We decline to impose such a requirement on the basis of dicta. This is especially true when the language of Rule 25(c) contemplates resolution solely on motion. Fed. R. Civ. P. 25(c). In any event, for the following reasons, this case does not meet the generally accepted conditions for a mandatory rule.

A court has discretion to deny an evidentiary hearing if the Appellants cannot show that an evidentiary hearing would have an articulable bearing on the material issues in dispute. *Cf. U.S. v. 8136 S. Dobson St., Chicago Ill.*, 125 F.3d 1076, 1086 (7th Cir. 1997) (denying an evidentiary hearing for a Rule 60(b) motion); *Duncan Foundry & Mach. Works, Inc. v. N.L.R.B.*, 458 F.2d. 933, 935 (7th Cir. 1972) (same in the con-

text of NLRB review). Here, the district court found that the Appellants' objections to the Second R&R did not rebut its material factual findings, nor did the objections address the applicable legal test. The Appellants do not identify what they believe would have been revealed on cross-examination, what questionable evidence there was or what credibility determinations needed to be made. Thus, it is unclear why the briefing process was insufficient to present or rebut material facts such that an evidentiary hearing was necessary to adequately resolve this motion. Therefore, it was within the district court's discretion to resolve the Rule 25(c) motion by reviewing and adopting the Second R&R, promulgated without an evidentiary hearing. *See e.g.*, *Pinkston v. Madry*, 440 F.3d 879, 983–94 (7th Cir. 2006).

Moreover, it was the Appellants' responsibility to request an evidentiary hearing. Pursuant to Fed. R. Civ. Pro. Rule 72(b), the Appellants did file objections to the Second R&R. However, these objections need to be specific enough to alert the district court as to what issues are actually in dispute. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 741–42 (7th Cir. 1999).

At no point in the Appellants' objections do they specifically object to the absence of an evidentiary hearing. The Appellants' objections are not based on the procedural sufficiency of a fully briefed motion, but on substantive questions of law and fact.

The Appellants come closest to such an objection in their conclusion:

> RWI and JV are entitled to their day in court and not via substitution under Rule 25C(c) … . RWI and JV

> have the right to answer the allegations against them,
> conduct discovery and have a trial, all of which will
> be washed away if the R&R is adopted. It is not as if
> Plaintiffs are without a remedy; they can simply file a
> complaint to pursue their claim.

Such a conclusory statement, however, is not a request for an evidentiary hearing. More importantly, it is insufficient to show what such a hearing would produce or why the proceedings before the magistrate judge were inadequate.

By this we are not requiring heightened specificity in requesting an evidentiary hearing. We simply believe that under *any* standard the objections made here do not sufficiently convey the Appellants' dissatisfaction with the *sufficiency* of the procedures below as opposed to general dissatisfaction with the outcome. Thus, the Appellants never made clear to the district court what an evidentiary hearing would have disclosed.

Finally, at oral argument, the Appellants challenged the sufficiency of the proceedings below because the magistrate judge's Second R&R contained credibility observations with respect to Jeffery, which were based on transcripts of a deposition that was taken before Sullivan brought the 25(c) motion. Thus, the Appellants argue that a decision maker's credibility assessment based on the cold record is not appropriate—an evidentiary hearing is required for such determinations. While the credibility conclusions have been inappropriately included in the Second R&R, two factors persuade us that this argument is not determinative. First, as discussed above, there is ample evidence showing substantial continuity, it is unlikely that the absence of the credibility observations would disturb this. Second, the Appellants

never objected to these observations; they have thus waived appellate review of this issue. *See Zema Systems*, 170 F.3d at 739 ("If a party objects in the district court on some issues and not others, he waives appellate review of the issues to which he has not objected."). Unlike the foregoing discussion, specificity is not at issue here. The Appellants' objections to the Second R&R were devoid of *any* reference to the magistrate judge's observations on Jeffery's credibility.

## IV.

Taken as a whole, the facts adopted by the district court create a clear picture of notice and continuity, satisfying the ERISA test. The district court did not err in concluding that an interest had been transferred from Alpine to RWI and JV within the meaning of Rule 25(c). The district court did not abuse its discretion when it resolved the 25(c) motion without an evidentiary hearing when the Appellants made no request for such a hearing or showed why such a hearing was necessary. We AFFIRM.