In the

# United States Court of Appeals
## For the Seventh Circuit

No. 15-1328

NEAL D. SECREASE, JR.,

*Plaintiff-Appellant,*

*v.*

THE WESTERN & SOUTHERN LIFE
INSURANCE COMPANY, *et al.*,

*Defendants-Appellees.*

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 1:14-cv-00955-JMS-TAB — **Jane E. Magnus-Stinson**, *Judge.*

SUBMITTED AUGUST 25, 2015* — DECIDED SEPTEMBER 1, 2015

Before CUDAHY, KANNE, and HAMILTON, *Circuit Judges.*

HAMILTON, *Circuit Judge.* This appeal is a reminder of a
district judge's inherent power to impose the severe sanction

---

*After examining the briefs and record, we have concluded that oral
argument is unnecessary. The appeal has been submitted on the briefs
and record. See Fed. R. App. P. 34(a)(2)(C).

of dismissal (on a plaintiff) or default (on a defendant) when a party deliberately tries to defraud the court. We affirm the dismissal with prejudice here.

Plaintiff Neil Secrease sued his former employer, The Western & Southern Life Insurance Company, and some of its supervisors, alleging unlawful discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2 and 2000e–3(a). He also brought several state-law claims. The district court dismissed his suit with prejudice because, in opposing a motion to dismiss, Secrease attempted to defraud the court by asking it to enforce a phony arbitration agreement. We affirm because the fraud finding was not clearly erroneous and the sanction of dismissal was appropriate.

After Secrease filed suit in June 2014, Western & Southern moved to dismiss the suit as untimely. It argued that Secrease had tried to make his Title VII claims look timely by attaching to his complaint a charge of discrimination, filed with the EEOC in April 2013, but mismatched to a right-to-sue letter dated March 2014 that addressed a different EEOC charge.

Secrease had filed three charges of discrimination with the EEOC. He filed his first charge in March 2013 alleging age and sex discrimination. He repeated those allegations in a second charge, the one from April 2013 that he attached to his complaint. The EEOC assigned the same charge number to both the March and April 2013 charges and issued Secrease a right-to-sue letter, which Secrease omitted from his complaint, for both charges on June 25, 2013. Secrease filed a third charge in November 2013 that again repeated the sex and age allegations and added that the company had fired

him in retaliation for the earlier charges. In March 2014, the EEOC issued Secrease a second right-to-sue letter, for the November 2013 charge, which he attached to his complaint.

The company argued that because Secrease had alleged similar claims in each of his three charges, his time to sue started after he received his first right-to-sue letter in June 2013 and lapsed about nine months before he filed suit. Finally, as to the state-law claims, the company argued that Secrease failed to state a claim.

Secrease asked the court to deny the motion to dismiss. Instead of answering Western & Southern's arguments or seeking to dismiss his suit voluntarily (if he had no response), he asked the court for different relief: an order to resolve the dispute in arbitration. He submitted a document, signed by him, that he said was his employment contract. It contained a mandatory arbitration clause.

Western & Southern replied that Secrease was trying to defraud the court because his actual employment contract did not contain an arbitration clause. According to Western & Southern, Secrease furnished the first and last pages of his own employment contract, both of which he signed in October 2006. But the remaining, interior pages of Secrease's submission containing an arbitration clause were from an employment contract that the company did not use until 2008, two years after Secrease had signed his employment contract. Although that later contract form did include mandatory arbitration, Secrease and the company never entered into such an agreement. The document identification numbers confirmed the company's explanation. The signed pages produced by Secrease were labeled 2-0603 (06 representing the year 2006 and 03 representing March) and the remaining

pages of the document bore the label 2-0901 (09 for 2009 and 01 for January). Having already experienced Secrease's effort to mismatch his EEOC charges and right-to-sue letters, Western & Southern asked the district judge to dismiss Secrease's claims with prejudice as a sanction for his fraud on the court.

Before getting to the issue of fraud, the district judge agreed with Western & Southern that all of Secrease's state-law claims failed to state a claim. The judge also dismissed as untimely all claims under Title VII, except the claim that his employer fired him in retaliation for filing the first two EEOC charges. The judge reasoned correctly that Secrease had received, nearly a year before he sued, a right-to-sue letter on the sex and age charges, so his suit on those charges was untimely. But because Secrease raised the retaliation charge for the first time in his third EEOC charge and had sued within 90 days of the corresponding right-to-sue letter, the retaliation claim was timely.

Judge Magnus-Stinson then held a hearing on whether Secrease had deliberately submitted a falsified contract in an effort to compel Western & Southern to arbitrate the claims, as the company had alleged. Western & Southern's personnel manager testified that Secrease's personnel file contained only one employment contract, signed in 2006, and it did not contain an arbitration clause. She added that the pages Secrease had furnished came from a 2009 contract to which he and the company were not parties.

Secrease's reply just dug a deeper hole of deception. He said that a fellow employee who had the 2009 form of employment contract helped him prepare his court filing. When Secrease could not find the inside pages of his own employ-

ment contract, he claimed, he used the other employee's contract as an example. He said he intended them to be separate exhibits, but the exhibits accidentally got combined. When he discovered that he had combined them, he claimed further, he called the clerk or the judge to correct the misfiling. (Secrease's telephone records, however, reflected no calls to the clerk's office or to the judge's chambers.) Secrease also claimed that he had signed another employment contract after 2008 that did contain an arbitration clause. When pressed, he admitted that he had no copy, but he clung to his story by accusing the company of destroying its copy.

After considering the evidence, the district judge dismissed Secrease's suit with prejudice as a sanction for seeking relief based on falsified evidence. By sandwiching pages from a different contract between the first and last pages of his own contract, the judge explained, Secrease had tried to deceive the court into thinking the document was a single contract that required arbitration. The judge found implausible Secrease's contention that he had retained the first and last pages but not the inside pages of his own contract.

The judge also did not believe Secrease's claims that he had combined the pages into one exhibit accidentally or that he had called the court to try to fix his error. The details of his story were inconsistent, and he could not substantiate that he had called the court.

The judge recognized that dismissal with prejudice would be a harsh sanction. She determined that the sanction was appropriate because Secrease had tried, willfully and in bad faith, to deceive the court and then, when questioned about it, gave dishonest and implausible explanations.

On appeal Secrease argues that he did not intend to de-fraud the court. He repeats that he submitted the inside pages of someone else's contract only to illustrate the general type of contract he had signed, not to mislead the court about arbitration. Because he did not intend to defraud, he continues, the sanction of dismissal was too harsh.

A district court has inherent power to sanction a party who "has willfully abused the judicial process or otherwise conducted litigation in bad faith." *Salmeron v. Enterprise Recovery Systems, Inc.*, 579 F.3d 787, 793 (7th Cir. 2009); see *Chambers v. NASCO, Inc.*, 501 U.S. 32, 48–49 (1991); *Greviskes v. Universities Research Ass'n*, 417 F.3d 752, 758–59 (7th Cir. 2005). Dismissal can be appropriate when the plaintiff has abused the judicial process by seeking relief based on information that the plaintiff knows is false. See *Salmeron*, 579 F.3d at 793; *Greviskes*, 417 F.3d at 759; *Thomas v. General Motors Acceptance Corp.*, 288 F.3d 305, 306, 308 (7th Cir. 2002) (holding that court did not abuse discretion in dismissing suit with prejudice where plaintiff knowingly filed false application to proceed *in forma pauperis*).

These powers, which are essential to a court's ability to preserve the integrity of its proceedings, are symmetrical. They apply to default judgments against defendants as well as to dismissals against plaintiffs. See, e.g., *Philips Medical Systems Int'l, B.V. v. Bruetman*, 982 F.2d 211, 214 (7th Cir. 1992) (affirming default judgment as sanction for defendant's bad faith failure to comply with discovery order and deception of court); *Profile Gear Corp. v. Foundry Allied Industries, Inc.*, 937 F.2d 351, 353–54 (7th Cir. 1991) (same); *Hal Commodity Cycles Mgmt. Co. v. Kirsh*, 825 F.2d 1136, 1138–39 (7th Cir. 1987) (affirming default judgment against defendant for will-

ful delays and dishonesty); *Quela v. Payco-General American Creditas, Inc.*, 2000 WL 656681, at *8 (N.D. Ill. May 18, 2000) (relying on inherent power of court, entering default judgment against defendant who coerced employee to lie in deposition on central issue in case). We review a district court's findings of fact for clear error, and we review for an abuse of discretion the court's selection of dismissal or default as a sanction for serious misconduct. *Salmeron*, 579 F.3d at 793.

We find no error in the district court's factual finding of attempted fraud. The district judge reasonably concluded that Secrease intended to mislead the court into granting his request to compel arbitration. His actual 2006 contract did not contain the arbitration clause, and Secrease admitted that the inside pages of the contract that he submitted were from a different employee's contract. He could not substantiate his assertions that he combined the documents only accidentally, that he tried to call the court to correct his mistake, and that he had signed another contract containing an arbitration clause. The district court's findings that Secrease had falsified evidence in bad faith and lied about it were amply supported by the evidence and certainly were not clearly erroneous.

The court also exercised its sound discretion in deciding to dismiss the suit with prejudice. While dismissal with prejudice, like a default judgment against a defendant, is a severe sanction, it was a reasonable sanction here.

First, falsifying evidence to secure a court victory undermines the most basic foundations of our judicial system. If successful, the effort produces an unjust result. Even if it is not successful, the effort imposes unjust burdens on the opposing party, the judiciary, and honest litigants who count

on the courts to decide their cases promptly and fairly. See *Rivera v. Drake*, 767 F.3d 685, 686–87 (7th Cir. 2014) (affirming sanction of dismissing with prejudice prisoner's suit when inmate perjured himself in an attempt to circumvent an exhaustion defense); *Thomas*, 288 F.3d at 306, 308 (affirming dismissal with prejudice when plaintiff lied about financial status when seeking waiver of filing fees).

Second, courts generally have an interest in both punishing a party's dishonesty and deterring others who might consider similar misconduct. See *Greviskes*, 417 F.3d at 759. The district court also could reasonably conclude that lesser sanctions were not likely to be either sufficient or effective. They would not have been sufficient because the wrongdoing was so egregious and repeated. They would not have been effective because Secrease said in a petition to appeal *in forma pauperis* that he could not afford the filing fee, so the threat of a monetary sanction would probably not influence his behavior. See *Rivera*, 767 F.3d at 687. And to the extent that his retaliation claim would depend on his own testimony, the lesser sanction of barring Secrease from testifying on that claim, see Fed. R. Civ. P. 37(b), would have been the functional equivalent of a dismissal, see *Rivera*, 767 F.3d at 687.

The district court acted within its discretion by exercising its inherent power to dismiss Secrease's suit with prejudice based on his deliberate efforts to defraud the court.

AFFIRMED.