**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 7, 2019[*]
Decided January 8, 2019

**Before**

DIANE P. WOOD, *Chief Judge*

DIANE S. SYKES, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 18-1447

| | |
|---|---|
| FADEEL SHUHAIBER, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District |
| | of Illinois, Eastern Division. |
| *v.* | |
| | No. 17 C 8438 |
| STATE OF ILLINOIS, et al., | |
| *Defendants-Appellees*. | Edmond E. Chang, |
| | *Judge*. |

## O R D E R

Fadeel Shuhaiber, an Illinois inmate, appeals the dismissal of his suit under 42 U.S.C. § 1983. Shuhaiber applied in the district court to proceed *in forma pauperis*, but he forged the trust fund officer's signature on his application. The district court

---

[*] The defendants were not served with process and are not participating in this appeal. We have agreed to decide this case without oral argument because the brief and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

dismissed his complaint with prejudice as a result. Because the district court reasonably found that Shuhaiber intentionally falsified his application and dismissal was permissible, we affirm.

Shuhaiber, an inmate at Stateville Correctional Center, applied to proceed *in forma pauperis* in this lawsuit against prison officials for allegedly ignoring his health needs. The application required a certified copy of his trust-fund account statement for the six months before he filed his complaint. *See* 28 U.S.C. § 1915(a)(2). Although Shuhaiber was incarcerated at Stateville when he filed, he had a trust account at Cook County Jail (where he was previously held during the relevant six months), so he needed that jail's trust-fund officer to certify (sign) his application.

Upon receiving Shuhaiber's application, the district court suspected that Shuhaiber had forged the signature of the jail's trust-fund officer. The signature did not match the officer's signature in an application that Shuhaiber had filed for a different case, the judge noted. Moreover, the officer and Shuhaiber had purportedly signed their documents on the same day—an unlikely occurrence because Shuhaiber would have had to mail the application from Stateville to Cook County for certification. The district judge denied Shuhaiber's application without prejudice and ordered Shuhaiber to explain these peculiarities. Shuhaiber admitted to forging the signature but asked the court to excuse it. He asserted that he created the forged copy for his own records and mailed the forgery to the court by mistake.

Shuhaiber's excuse was implausible, the district judge decided, so he dismissed the complaint with prejudice. The signature block was "not easy to miss," the judge explained, because the application is short. And, the judge added, Shuhaiber was "well aware of the trust-fund requirement" because he had filed at least three other applications to sue *in forma pauperis*. Dismissal with prejudice, the court concluded, was "the only feasible sanction" because the forgery was "akin to abuse of process." A lesser penalty, the judge said, would be no punishment at all: dismissal without prejudice would allow Shuhaiber to refile, and a fine would have little effect because Shuhaiber already owed and had not paid fees in other cases.

On appeal, Shuhaiber first challenges the district court's finding that his explanation for filing the forged application was implausible. But we see no clear error with the district court's factual finding. *See Thomas v. Gen. Motors Acceptance Corp.*, 288 F.3d 305, 307–08 (7th Cir. 2002). The application's brevity, Shuhaiber's familiarity with it, and his far-fetched excuse for the forgery, adequately support the court's conclusion that Shuhaiber intentionally submitted a fraudulent document.

Next, Shuhaiber challenges the judge's decision to dismiss his complaint with prejudice. But dismissing with prejudice is within the court's inherent discretion to sanction fraud on the court and was appropriate given that Shuhaiber forged the trust fund officer's signature. *See Secrease v. W. & S. Life Ins. Co.*, 800 F.3d 397, 401 (7th Cir. 2015). We have upheld such dismissal sanctions in similar circumstances. *See, e.g., Ramirez v. T & H Lemont Inc.*, 845 F.3d 772, 782 (7th Cir. 2016) (affirming dismissal with prejudice to punish witness tampering); *Seacrease*, 800 F.3d at 401–02 (affirming dismissal with prejudice to punish the submission of falsified evidence).

AFFIRMED