**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 10, 2019[*]
Decided April 11, 2019

**Before**

AMY C. BARRETT, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 18-2136

| | |
|---|---|
| JERMEL POPE, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Central District of Illinois. |
| | |
| *v.* | No. 16-cv-1059 |
| | |
| JEFFREY KRUEGER, et al., | Sara L. Darrow, |
| *Defendants-Appellees*. | *Chief Judge*. |

**O R D E R**

Jermel Pope, a former federal prisoner, appeals the district court's dismissal of his suit against the Federal Bureau of Prisons and several of its administrators for race discrimination and retaliation. The district court dismissed his suit after he failed to comply with an order to pay the defendants' costs. We affirm.

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Pope brought this suit while in prison, alleging that defendants discriminated against him based on race when they dismissed him from a federal work program job, *see* 42 U.S.C. §§ 2000e *et seq.*, and assaulted him in retaliation for filing a grievance. After he filed this suit and was granted in forma pauperis ("IFP") status, Pope was released from prison.

After further proceedings, the district court granted the defendants' motion for judgment on the pleadings in part and denied it in part. The court agreed with the defendants that Title VII does not apply to an inmate participating in a federal work program but disagreed with the defendants that Pope had not alleged sufficient facts to state a retaliation claim under the First Amendment. The court allowed Pope to proceed on that claim.

Discovery ensued, and the defendants notified Pope that they had scheduled to depose him on January 18, 2018, in Peoria, Illinois. Pope did not appear for the deposition. He later explained that one of his supervised-release conditions prohibited him from leaving the jurisdiction of the Northern District of Illinois without his probation officer's permission.

Based on Pope's failure to appear at his scheduled deposition, the defendants asked the district court to sanction him under Federal Rule of Civil Procedure 37(b) by dismissing the case or, alternatively, by ordering him to pay their expenses for convening the deposition. The court, however, sympathized with Pope's concern about violating his supervised release and declined to dismiss the case without providing a "warning shot" that his failure to attend a deposition could lead to dismissal of his case. *See* FED. R. CIV. P. 37(b)(2)(A)(v). The court decided to "try the lesser sanction" of requiring Pope to pay the defendants' reasonable costs incurred as a result of his failure to appear—costs that it later determined to be $349.27—and warned Pope that his failure to pay those costs within 21 days (in other words, by March 2, 2018) could result in dismissal of his case.

On March 9, Pope objected to the amount of the award, which he asked the court to lower to $300 and allow him to pay in $50 monthly increments. In an affidavit, he explained that his $1700 average monthly earnings were more than offset by monthly expenses totaling $1850. The court denied Pope's request ten days later, finding, first, that he had not demonstrated an inability to pay the sanction, and, second, that any reduction in the amount would undermine the message that Pope had to comply with the Federal Rules of Civil Procedure and the court's orders.

On March 29, the defendants filed a second motion to dismiss the case "for failure to prosecute and comply with the orders of the Court." Pope responded two weeks later, stating that he was beset by many financial obligations and needed another 45 to 60 days to pay the full amount of the sanction.

On April 20, the district judge dismissed the case, using language that drew upon both Federal Rules of Civil Procedure 37(b) and 41(b). The judge ostensibly dismissed the action under Rule 41(b), saying that she granted the defendants' second motion to dismiss because Pope had "demonstrated an unwillingness to follow this Court's Orders." Rule 41(b) provides: "If the plaintiff fails to prosecute or to comply with … a court order, a defendant may move to dismiss the action or any claim against it." At the same time, the judge appeared to nod to Rule 37(b)(2)(A)(v), which allows a court to sanction a party for noncompliance with discovery caused by "willfulness, bad faith or fault," *Brown v. Columbia Sussex Corp.*, 664 F.3d 182, 190 (7th Cir. 2011). Characterizing Pope's conduct as "egregious," she highlighted Pope's failure to pay any amount toward his filing fees and observed—citing another district court's decision that applied Rule 37(b), *Loop AI Labs Inc. v. Gatti*, 2017 WL 934599, at *14 (N.D. Cal. Mar. 9, 2017)—that a court cannot effectively manage a case if its orders are viewed as suggestions rather than mandates.

On appeal, we first must clarify some confusion over what sanctioning authority the judge relied upon in dismissing Pope's suit. As noted, the judge made references that could be construed as invoking both Rule 41(b) and Rule 37. Neither rule, however, neatly fits with the procedural background of this case. Rule 41(b), for instance, permits a defendant to file a motion to dismiss the action if the plaintiff fails to comply with a court order, but the defendants here have never invoked this rule. And while Rule 37 concerns a party's failure to cooperate in discovery, *see, e.g.*, *Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 775–76 (7th Cir. 2016); *Brandt v. Vulcan*, 30 F.3d 752, 756 (7th Cir. 1994) ("Rule 37(b)(2) has been invoked only against parties who have disobeyed a discovery ruling of some sort."), the court's explicit basis here for dismissing Pope's case was not his violation of any discovery order, but his failure to pay the defendants' costs and his own filing fees. Nevertheless, this confusion does not affect the appropriateness of dismissal because district courts have inherent authority to dismiss a suit for a lack of prosecution or refusal to comply with court orders. *See Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962).

Pope devotes most of his appellate brief to challenging the district court's assessment of his Title VII claim, but his principal challenge to the district court's ultimate dismissal of his suit as a sanction is that the court disregarded his indigent status and failed to give him enough time to pay the defendants' costs. He suggests that since his application for IFP was granted while he still was in prison, the district court should have allowed him similar leeway to pay the sanction in smaller increments. He further asserts that he cannot afford to pay the sanction given his monthly expenses of $1850 that exceed his monthly income of $1700.

Based on Pope's word only, we cannot say that the district court abused its discretion in deciding that his claim of indigency, absent any supporting evidence, was insufficient to excuse payment. At the time of his deposition, Pope already had been released from prison and was employed; that he was granted IFP status while in prison may have excused him from prepaying his filing fees, but it did not excuse him from paying the defendants' costs. *See Robbins v. Switzer*, 104 F.3d 895, 898 (7th Cir. 1997).

Pope next asserts generally that the outright dismissal of his case as a sanction for failing to pay the defendants' costs was improper. But district courts have "inherent power to sanction a party who has willfully abused the judicial process or otherwise conducted litigation in bad faith." *Secrease v. W. & S. Life Ins. Co.*, 800 F.3d 397, 401 (7th Cir. 2015) (internal quotation marks omitted). As the district court emphasized, Pope's conduct toward the court was "egregious." He did not pay any of the defendants' costs, even though the district court warned him that his failure to pay would result in dismissal. Given his foot-dragging—for instance, he first submitted his motion to reduce the amount of the sanction a week after the deadline to pay, and even seven weeks after the court's order he still had not paid anything—the court stated that it had "no confidence" that Pope would ever comply with its order. Even after being released from prison and resuming work, Pope still was not paying any amount towards his filing fees, despite his obligation to do so. His unwillingness to pay these fees alone justifies dismissal. *See Robbins*, 104 F.3d at 898–99; *Rosas v. Roman Catholic Archdiocese of Chicago*, 748 F. App'x 64, 65 (7th Cir. 2019).

Because the district court acted within its discretion to dismiss Pope's case as a sanction, we need not address Pope's challenges to the merits of his case.

AFFIRMED