**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 29, 2019[*]
Decided September 3, 2019

**Before**

DIANE P. WOOD, *Chief Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 18-3544

| | |
|---|---|
| DENISE R. LUSTER-MALONE, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 16 C 2903 |
| COOK COUNTY, ILLINOIS, *Defendant-Appellee*. | Thomas M. Durkin, *Judge*. |

**O R D E R**

Denise Luster-Malone, a former employee of the Cook County Health and Hospital System, sued the County for firing her for politically discriminatory reasons, in violation of the Supplemental Relief Order entered in *Shakman v. Democratic Org. of Cook Cty.*, 481 F. Supp. 1315, 1358 (N.D. Ill. 1979). The district court granted the County's motion to dismiss Luster-Malone's complaint, agreeing with an arbitrator (1) that her claim was foreclosed by a prior arbitral decision concluding that the County had

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. See FED. R. APP. P. 34(a)(2)(C).

proved nonpolitical grounds for her discharge and (2) that Luster-Malone's request for arbitration was untimely. We affirm.

Luster-Malone worked as a stenographer for the County's Health and Hospital System before being fired in late 2009 for falsifying time sheets and refusing to follow her supervisor's instructions. Believing that her discharge was politically motivated, she filed a grievance with her union. An arbitrator denied her grievance in 2011, finding just cause for the discharge within the collective bargaining agreement. Regarding the first offense, falsifying time sheets, the arbitrator found no credible evidence that Luster-Malone had worked on the date for which she sought overtime pay. Regarding the second offense, insubordination, the arbitrator found that she inexplicably refused to perform a simple, administrative task. She did not challenge this arbitration ruling.

Meanwhile, Luster-Malone also filed *Shakman* complaints against the hospital. *Shakman* refers to a series of consent decrees that allows parties aggrieved by certain types of political patronage in Cook County to seek redress. See, *e.g., O'Sullivan v. City of Chicago*, 396 F.3d 843, 847–50 (7th Cir. 2005) (recounting the history of the *Shakman* consent decrees). Under *Shakman*'s Supplemental Relief Order, which established rules and procedures for administering such complaints, Luster-Malone submitted 32 complaint forms to the Office of the Cook County Complaint Administrator between 2009 and 2012, primarily asserting that she was fired for political reasons. In 2014, the Office of the Inspector General denied her complaints.

Luster-Malone, represented at the time by counsel, next filed a discrimination complaint with the Cook County State's Attorney's Office and requested arbitration. In 2016, the arbitrator dismissed her complaint: not only was her claim of political discrimination precluded by the 2011 arbitration (in which that arbitrator found the reasons for her discharge to be nonpolitical), but her complaint was untimely because she had filed it one day late.

Luster-Malone then filed this federal suit, alleging that the arbitrator in 2016 erroneously refused to hear her case. Magistrate Judge Schenkier, who oversaw the *Shakman* litigation, construed the complaint as seeking to vacate the 2016 arbitration, found no error in the arbitrator's ruling, and recommended that the complaint be dismissed. Luster-Malone objected to the magistrate judge's recommendation, but her objections focused only on the merits of the underlying 2011 arbitration and the facts surrounding her discharge. The district judge found the objections improper (a misguided "attempt to relitigate before this Court the merits of her time sheet and

insubordination issues"), so he adopted the magistrate judge's recommendation and dismissed the complaint.

On appeal, Luster-Malone generally challenges the district judge's conclusion that she had not filed proper objections to the magistrate judge's report. She continues to dwell on the underlying 2011 arbitration, disputing its findings about her discharge.

Even though Luster-Malone's objections were insufficient, the district judge carefully reviewed the magistrate judge's report. Luster-Malone's "objections need[ed] to be specific enough to alert the district court as to what issues are actually in dispute." *Sullivan v. Running Waters Irrigation, Inc.*, 739 F.3d 354, 359 (7th Cir. 2014); see also FED. R. CIV. P. 72(b). She therefore had to "specify each issue for which review is sought and not the factual or legal basis of the objection." *Walton v. EOS CCA*, 885 F.3d 1024, 1029 (7th Cir. 2018) (quoting *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 741 (7th Cir. 1999)). Her objections, however, failed to address either of the magistrate judge's two reasons for upholding the 2016 arbitrator's decision—(1) the preclusive effect of the 2011 arbitration and (2) the untimeliness of her request for arbitration in 2016. The district judge rightly found no clear error in this reasoning. See FED. R. CIV. P. 72(a). Regarding the issue of preclusion, the district judge properly agreed with the magistrate judge that the 2011 arbitrator's finding of just cause established nonpolitical grounds for Luster-Malone's discharge, foreclosing any liability for the County in the 2016 arbitration. A proven nonpolitical ground for the alleged political discrimination precludes liability. See *Brown v. Cty. of Cook*, 661 F.3d 333, 337 (7th Cir. 2011). Moreover, "the matter of a prior arbitration's preclusive effect on a later arbitration is one for the arbitrator himself or herself to address." *Unite Here Local 1 v. Hyatt Corp.*, 862 F.3d 588, 599 n.8 (7th Cir. 2017). Regarding the issue of timeliness, the district judge also correctly found no error, adding that Luster-Malone did not dispute that she missed the deadline or provide any explanation for the delay.

Finally, Luster-Malone argues for the first time that the arbitrator was biased because he granted the County many continuances in the course of the arbitration proceedings but did not afford her an extension to file her complaint. But the record does not show that she ever sought a continuance or extension and, even if she had, an adverse ruling, without more, is not evidence of bias. *Trask v. Rodriguez*, 854 F.3d 941, 944 (7th Cir. 2017).

We have considered Luster-Malone's remaining arguments, and none has merit.
                                                                                                   AFFIRMED