NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 18, 2021[*]
Decided July 19, 2021

*By the Court:*

No. 21-1215

| | |
|---|---|
| STEVEN HUGHES, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Illinois, |
| | Western Division. |
| *v.* | No. 19 C 50320 |
| JOHN VARGA, et al., | Iain D. Johnston, |
| *Defendants-Appellees.* | *Judge.* |

## O R D E R

Steven Hughes, an Illinois prisoner, sued prison officials under 42 U.S.C. § 1983 seeking damages on a claim that he was wrongly disciplined. The district court dismissed the suit with prejudice because Hughes threatened the life of the judge who was initially assigned to the case. The sanction of dismissal easily falls within the court's broad discretion to punish and deter egregious misconduct during litigation; we therefore affirm the judgment.

Hughes, an inmate at Dixon Correctional Center in Illinois, sued prison officials who had disciplined him. The case was assigned to Judge Thomas Durkin, and Hughes sought leave to proceed *in forma pauperis*. Judge Durkin denied the motion because

---

[*] The appellees were not served with process in the district court and are not participating in this appeal. We have agreed to decide the case without oral argument because the brief and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Hughes had "struck out" under the Prison Litigation Reform Act and also had adequate funds in his prison account to pay the filing fee. *See* 28 U.S.C. § 1915(g). Hughes has a history of filing frivolous lawsuits, and Judge Durkin noted that he still owed $950 in filing fees from previous cases. The judge ordered Hughes to explain why those fees remained unpaid.

Rather than comply with that order, Hughes belligerently accused Judge Durkin of lying about his outstanding court debt and conspiring with the defendants to prevent him from proceeding *in forma pauperis*. He also accused Judge Durkin of personal bias against him and sought the judge's recusal. Judge Durkin denied the recusal motion, patiently explaining that adverse rulings do not reflect bias, *see Liteky v. United States*, 510 U.S. 540, 555 (1994), and warning Hughes that continued disobedience and unfounded accusations could result in sanctions, including dismissal of his case.

Hughes paid the filing fee in this case but refused to pay the fees he owed in the other cases, insisting that a different Steven Hughes had filed those suits. The judge reviewed the other cases again and confirmed that they were indeed filed by this same Steven Hughes. Nonetheless, the judge ordered Hughes to pay just one of the outstanding filing fees. Hughes refused to pay, accusing Judge Durkin of criminally conspiring with this court's clerk's office to lie about his litigation history. Judge Durkin accordingly dismissed the case as a sanction. While Hughes's appeal of that dismissal was pending, Judge Durkin asked us to permit him to reinstate the case, and we authorized the judge to do so. Order, *Hughes v. Varga*, No. 20-2276 (Nov. 2, 2020), ECF. No. 22.

Despite the judge's forbearance, Hughes's behavior worsened. The case was reassigned to newly appointed Judge Iain Johnston, and Hughes thereafter escalated his attacks on Judge Durkin by threatening his life. In a letter to this court, Hughes wrote: "Someone need to get out of prison and commit a criminal act so horrendous that it would shock the conscious of a medical examiner and Satan the Devil … and every world news station on earth," and adding, "I would never do anything like this myself but I need to find personal info on Judge Thomas Durkin like where he live who his family is," and "I need this Judge address to where he live so one day I can visit him and just ask him why for my peace of mind."

Judge Johnston dismissed the case with prejudice as a sanction for Hughes's continued abuse of the litigation process and his threat against Judge Durkin and his family. Judge Johnston first explained that Hughes's attacks on Judge Durkin were

frivolous, yet they intensified despite the judge's patience and clear warnings that continued misconduct could lead to dismissal. Judge Johnston then turned to Hughes's vitriolic behavior after the reassignment of the case, including the continued baseless accusations of criminal conspiracy and culminating in the dark threat from Hughes about locating Judge Durkin's home so that "someone" could "commit a criminal act so horrendous" against the judge and his family to attract worldwide attention. Judge Johnston concluded that any sanction short of dismissal would send a signal that litigants may threaten a judge's life without consequences.

On appeal Hughes primarily argues that he was not the Steven Hughes in the earlier cases identified by Judge Durkin. He also accuses Judges Durkin and Johnston of criminal conspiracy. He does not present any coherent argument contesting the reasonableness of dismissal as a sanction for his egregious litigation misconduct, including the death threat against Judge Durkin. We could affirm on that basis alone. *See Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001).

For completeness we emphasize that Hughes's horrific behavior easily supports dismissal with prejudice as a sanction. Judges have inherent authority to sanction a litigant who has "willfully abused the judicial process or otherwise conducted the litigation in bad faith." *Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 776 (7th Cir. 2016). This authority empowers a judge to dismiss a case with prejudice to punish a party's abusive litigation behavior and to deter similar misconduct by others. *See Secrease v. W. & S. Life Ins. Co.*, 800 F.3d 397, 401 (7th Cir. 2015). Although dismissal is a severe sanction, outrageous misconduct will justify it, especially when lesser sanctions would be ineffective. *Salmeron v. Enter. Recovery Sys., Inc.*, 579 F.3d 787, 793 (7th Cir. 2009).

Hughes willfully and dangerously abused the judicial process, and Judge Johnston was well within his discretion to dismiss this case as a sanction. Our description of Hughes's egregious litigation misconduct speaks for itself, but it bears repeating what Judge Johnston said: threats against judges warrant the strongest possible litigation sanction. Dismissal was amply justified.

AFFIRMED