In the

# United States Court of Appeals

## For the Seventh Circuit

No. 20-3057

MELVIN D. REED,

*Plaintiff-Appellant,*

*v.*

PF OF MILWAUKEE MIDTOWN, LLC, doing business as Planet Fitness,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 19-cv-1609 — **Lynn Adelman**, *Judge.*

ARGUED OCTOBER 5, 2021 — DECIDED OCTOBER 28, 2021

Before EASTERBROOK, KANNE, and ST. EVE, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* Melvin Reed applied for a job at Planet Fitness of Milwaukee. When it did not hire him, he filed with the EEOC a charge of age discrimination. After the agency found a lack of support for that charge, Reed sued under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–34.

The clerk of court returned Reed's complaint, unfiled. In 2012 the district court had issued a litigation-bar order based on Reed's history of frivolous suits. *Reed v. Lincare, Inc.*, No. 11-C-221 (E.D. Wis. Nov. 21, 2012). The judge concluded that Reed sent off many employment applications every year. If hired, he worked for a short time before giving the employer cause to fire him, then asserted discrimination. If not hired, he asserted that this, too, was discriminatory. After suing, Reed made settlement demands based on the cost to defendants of defending the suit rather than a plausible estimate of the likelihood that he would prevail. The judge directed Reed to pay a sanction of $5,000 and enforced it by preventing further litigation in federal court until the money had been paid. We affirmed both the order dismissing the suit and the sanction. *Reed v. Lincare, Inc.*, No. 12-3782 (7th Cir. July 30, 2013) (nonprecedential disposition). An earlier decision of this court tallied at least 16 of Reed's frivolous suits. *Reed v. Ewald Automotive Group, Inc.*, No. 10-3186 (7th Cir. May 11, 2011) (nonprecedential disposition). Less-extensive records of abusive litigation have led to bar orders. See, e.g., *Support Systems International, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995).

The bar order entered in *Lincare*, modeled on the one in *Mack*, provided that the court would entertain an application to lift it after two years. Instead of doing that, however, Reed tried to file this suit as if the bar order did not exist. He cannot have been surprised when the clerk returned the papers. At this point the clock to sue had been ticking for weeks—and it was a fast-running clock. The EEOC's right-to-sue letter started a 90-day period for filing a timely action. On day 46 of this period Reed asked the district court to vacate the bar order. He gave a single reason: that Judge Randa, who entered the bar order, had been biased against him. This request was

frivolous, because an assertion that Judge Randa had been biased was advanced on appeal in 2013 and rejected. Just as Reed initially ignored the bar order, his motion to vacate the bar order ignored the fact that it had been affirmed and that the bias argument had failed. This exemplifies the pattern of frivolous acts and contentions that led to the bar order in the first place. Predictably, Reed's motion to vacate the bar order was denied—this time by Judge Adelman, who had been assigned both to Reed's new suit and to replace Judge Randa in *Lincare* after the latter's death.

Reed soon filed another motion to vacate, and in response Judge Adelman observed that such orders should not last forever and that sustained inability to pay might support relief. He invited Reed to file an affidavit detailing the state of his finances since 2012, when the bar order was entered. Unfortunately, the clerk of court sent this order to an outdated address from the *Lincare* case rather than Reed's current address. The order was dated and mailed on September 16, 2019, but not received until October 16. By then the 90-day period for suit had expired. (The deadline was October 7.)

Two days after receiving the September 16 order, Reed filed an affidavit of indigence. The district judge accepted the affidavit in *Lincare* and vacated the filing bar, but in *Planet Fitness* (filed on November 1, after the bar was lifted) the judge denied Reed's request for equitable tolling and dismissed the suit as untimely. *Reed v. PF of Milwaukee Midtown*, 2020 U.S. Dist. LEXIS 177370 (E.D. Wis. Sept. 25, 2020). The judge observed that tolling requires both some extrinsic obstacle and diligence to surmount it. Yet the obstacle—the bar order—was of Reed's own making, the result of tactics lasting more than a decade, and his efforts to avoid the order cannot be called

diligent. Even if the judiciary were to ignore all time between 2012 and 2019, Reed defied the bar order rather than asking for vacatur. And when, halfway through the 90 days, Reed asked for vacatur, he advanced only a frivolous argument (Judge Randa's supposed bias). Meanwhile he bypassed a self-help remedy: suit in state court, to which the bar order did not apply. Both state and federal courts entertain ADEA suits. Judge Adelman observed that Reed's professed greater familiarity with federal court does not justify adding time to the statutory 90 days; many a would-be litigant must spend a little effort to learn how to file suit in state court.

The clerk's use of an outdated address on September 16 was unfortunate, but by then the 90 days was almost gone— and Reed had frittered away most of the period with misbegotten acts (ignoring the bar order) and arguments (judicial bias), making it impossible for him to demonstrate diligence. It is a litigant's responsibility to act diligently *throughout* a period of limitations, in order to avoid the risk that a clerical error will eat up the last few days or weeks. See, e.g., *Simms v. Acevedo*, 595 F.3d 774, 781 (7th Cir. 2010); *Johnson v. McCaughtry*, 265 F.3d 559, 565–66 (7th Cir. 2001). We agree with the district court and need not add to its analysis of these subjects.

An *amicus curiae* contends that the litigation-control order entered in *Lincare* is invalid and could be ignored (rendering the initial complaint timely) because Judge Randa did not tell Reed that indigence will lead to the order's vacatur. That's wrong for two reasons.

First, it is an argument that could have been raised on appeal in 2013 but was not. Our decision affirming the bar order is not subject to collateral attack.

Second, the argument is mistaken on the merits. Indigent persons are not entitled to file an endless string of frivolous suits. A court may halt the abuse of the judicial process, which imposes substantial costs on people and businesses that have done no wrong. *Everyone* has a duty to avoid frivolous suits and arguments, and a person who cannot or will not abide by that rule must be stopped. If a need to pay money won't work as a deterrent (and it won't for indigent litigants), then some form of bar order becomes essential.

When administering *Mack* orders, this court does not automatically vacate a bar after two years. We require two demonstrations. (1) The litigant must have paid what he or she could, even if not the whole amount. (2) The litigant must demonstrate that he or she will desist from frivolous suits and contentions. See *In re Chicago*, 500 F.3d 582, 585–86 (7th Cir. 2007). Reed did not satisfy either requirement. We accept his assertion that he was unable to pay the whole $5,000. But he did not pay, say, $10 a week for several years and then ask for relief. He paid *nothing* for seven years. He was working during some of this time; surely he was able to afford more than $0. But instead of making a good-faith effort to satisfy as much of his obligation as he could, he thumbed his nose at the judicial system. And then, far from demonstrating a resolve to avoid frivolous litigation, Reed made a frivolous attack on the *Lincare* order itself. The district court's willingness to vacate the *Lincare* order under these circumstances is surprising.

Reed must understand that continued frivolous suits and contentions will lead to a new bar order. In the meantime, we conclude that his history of frivolous litigation—including frivolous arguments in this very suit—justifies an order that he prepay all fees to file new suits in the district court and

appeals to this court. In other words, by a sustained course of conduct, Reed has forfeited the privilege of litigating *in forma pauperis* under 28 U.S.C. §1915.

AFFIRMED