NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 10, 2022[*]
Decided June 16, 2022

*By the Court*:

Nos. 21-2835 & 21-2881

| | |
|---|---|
| WILLIAM A. WHITE, | Appeals from the United States District |
| *Plaintiff-Appellant*, | Court for the Southern District of Illinois. |
| | |
| *v.* | Nos. 17-cv-00683-JPG & 20-cv-01117-JPG |
| | |
| UNITED STATES OF AMERICA, et al., | J. Phil Gilbert, |
| *Defendants-Appellees*. | *Judge*. |

## O R D E R

In these two suits against federal defendants, William White, a federal inmate, lied to the district court and disobeyed its orders, prompting the judge to dismiss the suits and impose a district-wide filing bar modeled on the one approved in *Support Systems International, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995). White appeals, arguing that the judge lacked authority to impose the bar. Given White's incorrigible disobedience of the rules, his disregard of warnings, and the inefficacy of monetary sanctions alone, the judge had ample authority for his order; therefore, we affirm.

White is serving sentences for federal felonies related to his activities as a white supremacist, including threatening judges and jurors. The two suits in this appeal—

---

[*]We agreed to decide the case without oral argument because the briefs and the record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

both assigned to the same district judge and consolidated for decision on appeal—relate to White's treatment in federal custody.

The judge dismissed the first suit brought under the Federal Tort Claims Act in 2017 after finding that White lied about his indigency when he sought (and received) leave to sue without prepayment of fees. *See* 28 U.S.C. § 1915(e)(2). The government had moved to dismiss the case with prejudice upon learning that White failed to disclose the following income and assets to the court: (1) tens of thousands of dollars in donations from supporters to White since 2015 "to pay [White's] legal and personal expenses"; (2) hundreds of dollars in regular deposits to his trust account from his mother; (3) thousands of dollars available to pay expert witnesses in other cases; and (4) an unknown amount of income from book sales that White alluded to in other filings. Relying on this evidence, the judge found that White had lied in his application and dismissed the case with prejudice.

In the other suit brought under the Administrative Procedure Act, the judge entered an order designed to protect public safety. In his unsealed complaint, White had attached documents containing the names of people who White believed were government informants or undercover officers and the address of a federal judge's home. The judge ordered future documents filed in the case to be sealed. He also warned White that "*any* future attempts to put private or sensitive information into the public record shall result in **SANCTIONS** that include, and are not limited to, a filing restriction and monetary fines." The judge also reminded White that he had recently received three warnings in other cases to cease "abusive, insulting, and threatening attacks on parties, counsel, the court, and others in documents he filed in this [c]ourt."

White violated the judge's order and ignored the warning. He filed unsealed the same sensitive materials that had prompted the order. He also abused the advocacy process (for example, calling the judge "a fool" and the justice system "a stupid, corrupt, and arrogant joke"). The judge concluded that sanctions were necessary "to deter White from engaging in future abusive litigation tactics" in his federal actions. (White had filed 19 cases in the Southern District of Illinois alone over the prior five years.). Because White had boasted that donors would pay any fines, the judge found that monetary sanctions were unlikely to deter him. The judge therefore dismissed the suit and imposed in both suits a district-wide prohibition on filing civil suits for two years:

William White is **SANCTIONED** with a filing restriction in this District that takes effect immediately and continues for the next two years. During this time period, White is prohibited from filing any new civil actions in this [c]ourt, and the Clerk of Court is **DIRECTED** to **RETURN UNFILED** all civil pleadings he submits for filing in a pending or new action. This filing restriction does not extend to a Notice of Appeal from this Order … , to the filing of any Petition for a Writ of Habeas Corpus, or to pleadings filed as a defendant in another criminal or civil case. … However, any papers submitted to the [c]ourt by White while this filing restriction is in place must be accompanied by a copy of this Order. Moreover, all habeas corpus filings will be summarily dismissed thirty days after filing, unless otherwise ordered by the [c]ourt. In accordance with precedent, White may seek modification or rescission of this Order by filing a motion in this [c]ourt *no earlier* than two years from the date of entry of this Order. **White is WARNED that any efforts to evade the filing restriction shall result in the imposition of additional monetary and/or other sanctions.**

On appeal White argues that the record does not justify a filing bar. We recently reaffirmed that a judge may impose "the severe dual sanctions of dismissal and a filing bar when a litigant tries to defraud the court." *Martin v. Redden*, 34 F.4th 564, 566 (7th Cir. 2022). Likewise, judges "may halt the abuse of the judicial process" with a filing bar when a litigant ignores the court's rules, despite previous warnings to obey them, and fines would be ineffective. *Reed v. PF of Milwaukee Midtown, LLC*, 16 F.4th 1229, 1232 (7th Cir. 2021).

The record here readily supports the sanctions. It shows that White not only lied to the court in his application to file his tort suit, but also in the other suit, he ignored the judge's order not to disclose names that could reveal sensitive information and endanger others. And he defied repeated instructions not to submit abusive filings. Despite these orders and the warnings in both this and other cases of the consequences (including a filing bar) for disobeying the court, White persisted with his insubordination. Finally, based on White's own statements about his donors, the judge reasonably concluded that monetary sanctions were unlikely to deter him. When warnings, orders, and fines will not deter abusive and dishonest litigation tactics, a filing bar is justified. *Id.*

White has two responses, but neither one persuades us. First, he argues that the bar unduly restricts his access to courts. But he is entitled only to *meaningful* access to

the courts, not unrestricted access. *In re Chapman*, 328 F.3d 903, 905 (7th Cir. 2003). The filing bar allows White to defend himself if sued or prosecuted and seek collateral criminal relief, avenues that comport with constitutional standards. *See id.*; *Mack*, 45 F.3d at 186. The filing bar also rightly allows White to appeal the bar itself. Further, we do not read the filing bar as prohibiting White from filing notices of appeal to this court from appealable rulings in his other pending suits in the Southern District of Illinois. To the extent appellate restrictions may be warranted, we can impose them ourselves. *See In re City of Chicago*, 500 F.3d 582 (7th Cir. 2007) (refusal to pay outstanding fines).

Second, relying on *Chapman*, White contends that the judge lacked the authority to impose a *district-wide* filing bar and restrict his ongoing litigation before other judges. But *Chapman* affirmed that like a district judge, a district court's executive committee has the power to impose orders—including filing restrictions; it did not rule that *only* such a committee has that power. 328 F.3d at 905. Like the executive committee in *Chapman*, the judge here had the authority to impose a district-wide filing bar. *See Reed*, 16 F.4th at 1232 (upholding a two-year district-wide filing bar). Moreover, the order merely prohibits White from making unsolicited filings in the district; nothing in the filing bar purports to prohibit other judges from issuing decisions in their pending cases or ordering White to take some action in them.

Two matters remain. First, White argues that before the judge dismissed the tort suit as a sanction for lying, he erroneously dismissed some claims as time-barred or exhausted. These arguments are not developed and thus waived. *See Gross v. Town of Cicero*, 619 F.3d 697, 705 (7th Cir. 2010). And as we have already explained, the judge reasonably dismissed the entire tort suit as a sanction. Second, White's behavior in this appeal has been just as egregiously abusive as in the district court. (He baselessly accuses the judge of "fixing" cases, lying, and "dementia.") We thus order White to show cause within 14 days why this court should not sanction him for his abusive conduct on appeal.

AFFIRMED